[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Leslie Robinson was indicted June 10, 1999, for aggravated robbery, felonious assault, and burglary. The aggravated robbery and felonious assault counts each carried firearm specifications. Attorney Steven Cox was appointed to represent Robinson on the eve of Robinson's June 15 arraignment, at which the trial court entered not guilty pleas. At a status conference of the trial court and counsel for the parties a week or two after the arraignment, Cox informed the court that Robinson wanted other counsel because he had not met with her sooner at the county jail. The court indicated it would not appoint other counsel. On July 7, trial was scheduled for August 2. On July 22, Cox filed a witness list containing seven names and a notice of alibi. On July 29, Robinson entered guilty pleas to aggravated robbery and felonious assault. The two firearm specifications and the burglary charge were dismissed. The trial court referred Robinson's case for a presentence investigation. On August 30, Robinson filed a motion to withdraw her guilty pleas and for new counsel, and Cox moved to withdraw as counsel. On September 2, the trial court appointed new counsel, Alan Gabel, to represent Robinson. On September 29, Gabel filed a second motion to withdraw guilty pleas on Robinson's behalf and a motion for a competency evaluation. The motion to withdraw pleas was heard October 15, with Robinson and Cox testifying, and it was overruled October 26. On November 23, the court imposed concurrent sentences of eight years on each count. Robinson then appealed, advancing three assignments of error.
 1. APPELLANT WAS DENIED HER RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION 10, ARTICLE 1, OF THE OHIO CONSTITUTION WHEN THE TRIAL COURT FAILED TO INQUIRE INTO HER OBJECTIONS RELATING TO HER APPOINTED ATTORNEY'S REPRESENTATION.
As noted above, Cox told the trial court at a status conference within a week or two of arraignment that Robinson wanted another attorney appointed because he had not visited her in the county jail after the arraignment as soon as she thought he should have. The trial court declined to appoint another attorney. At no time prior to August 30 — a month after pleading guilty — did Robinson herself communicate to the court any dissatisfaction with Cox's representation.
In State v. Van Meter (July 11, 1985), Franklin App. No. 84AP987, a case upon which Robinson places heavy reliance, the court stated:
 The court finds that the federal cases cited herein comport with the approach taken by the Supreme Court decision in Deal, supra, [State v. Deal (1969), 17 Ohio St.2d 17] that, where allegations of inadequate and ineffective representation are made pretrial, the trial court has a responsibility to conduct an inquiry sufficient to determine the scope and veracity of the allegations and to provide meaningful appellate review as well.
We do not quarrel with this proposition, but we do not think it applies to the facts of this case.
Here, Cox's statement to the court was made early in the proceedings and apparently before a trial date had been set. This is marked contrast to the situations in Van Meter, where the defendant's complaint with counsel — with whom he had first met the day before — surfaced on the day of trial, and Deal, where the defendant's complaint with counsel surfaced after the State had rested its case at trial.
Secondly, Cox's statement did not suggest inadequate or ineffective representation as the motivation for Robinson's wanting new counsel. While one might expect that an attorney would be reluctant to so characterize his representation, even if accurate, the fact remains that the trial court had nothing before it to consider but Robinson's displeasure with Cox's not visiting her soon enough.
It is a common complaint of incarcerated, indigent defendants that their court appointed lawyers don't visit them often enough or immediately upon request, but that, without more, is not enough to trigger judicial inquiry as to the adequacy or effectiveness of representation.
In our judgment, the trial court here was not required to inquire into the sufficiency of Cox's representation and the first assignment of error is overruled.
 2. THE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING TO PERMIT THE WITHDRAWAL OF APPELLANT'S PLEA.
It is well established that a motion to withdraw a guilty plea, even when made before sentencing, is not entitled to favorable treatment as a matter of right but, rather, is commended to the discretion of the trial court. State v. Xie
(1992), 62 Ohio St.3d 521. We have adopted the four point analysis first enunciated in State v. Peterseim (1980), 68 Ohio App.2d 211,214. State v. Barnett (1991), 73 Ohio App.3d 244,250.
 A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim. R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.
Under this assignment of error, Robinson does not address the four point Peterseim analysis. Presumably, were she to apply the Peterseim analysis, she would concentrate her argument on the first two elements, supra. Her argument under this assignment implicates the second element, and her third assignment implicates the first element. Although disagreeing with the court's ruling on her motion to withdraw her guilty pleas, Robinson does not suggest that the trial court failed to accord her a complete and impartial hearing on her motion or did not give her motion full and fair consideration, and the record amply supports the trial court's satisfaction of the third and fourth Peterseim elements.
Under this assignment, that implicates the July 29 proceeding wherein Robinson entered her guilty pleas, Robinson argues that her plea should have been vacated because she experienced "notable problems understanding and retaining information," she had not been evaluated as to competency, she had suffered a seizure earlier that day, and that she entered her pleas as part of a "mass plea" making her "involuntary" plea less detectable.
The trial court determined after the evidentiary hearing on her motion to withdraw guilty pleas that Robinson "acted knowingly, intelligently, and voluntarily in entering her plea to two . . . of the three . . . charges with a trial date fast approaching."
In arriving at this determination, the trial court considered the transcript of the guilty plea proceedings, at which another judge had presided, the entries of waiver and plea Robinson had executed at the time she pleaded guilty, and the testimony of Robinson and Cox. We have reviewed the transcript of Robinson's guilty pleas and the entries of waiver and plea, as well as the transcript of the evidentiary hearing on the motion to withdraw pleas.
Although the plea proceedings involved several defendants, the trial court conducted a thorough Crim.R. 11 colloquy and addressed Robinson personally as to her understanding of the proceedings. When Robinson indicated lack of understanding, the court provided further explanation until she acknowledged understanding. Robinson herself told the court that her seizure earlier that day would not affect her ability to understand the proceedings. While it is true that Robinson had not been evaluated as to competency, a motion for competency evaluation was filed in connection with her motion to withdraw guilty pleas, which the court considered as part of Robinson's motion to withdraw guilty pleas. Upon consideration of Robinson's testimony, the trial court found no basis for inquiring into Robinson's competency, and this finding is not questioned on appeal.
In our judgment, there was full compliance with Crim.R. 11 on July 29. Based on this conclusion and the disposition of Robinson's third assignment, the second assignment of error is overruled.
 3. THE APPELLANT WAS DENIED HER CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.
Under this assignment, Robinson advances several instances of alleged ineffective assistance of counsel.
These contentions are evaluated against the two prong analysis set forth in State v. Bradley (1989), 42 Ohio St.3d 136:
 Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O. 3d 495, 358 N.E.2d 623; Strickland v. Washington [1984], 466 U.S. 668, followed.)
1.
Robinson contends that Cox should have formally moved to withdraw as counsel and to demand an on-the-record inquiry into Robinson's dissatisfaction with his representation. As indicated above, the evidence indicates only Robinson's desire for other counsel, expressed early in the proceedings, because Cox had not talked with her in the county jail as soon as she thought he should have. In our judgment, Cox discharged his professional responsibility to Robinson by reporting her desire for other counsel, and her reason, to the court.
2.
Robinson contends that counsel rendered ineffective assistance as to her guilty pleas.
Robinson claims that Cox told her that he didn't believe her and pressured her to plead guilty despite her protestations of innocence. She contends that Cox told her she would lose at trial, even though Cox thought she had a defense against one of the charges. She claims that Cox told her she was facing twenty years if she didn't plead guilty and had an hour to make up her mind. She claims that she was confused during the plea, and that Cox failed to address the source of her confusion.
These claims are based largely on Robinson's testimony at the hearing on her motion to withdraw guilty pleas. Cox also testified, and his version of events appears to have been credited by the trial court over Robinson's.
Cox testified that he has been a criminal defense attorney for twenty-four years and has represented defendants on comparable charges "certainly dozens of times." Cox had the benefit of pretrial discovery information from the State and reports from his own investigators. He denied threatening Robinson, or telling her he didn't believe her. He did tell her that he didn't think her version of events "would be very convincing testimony at trial." He also told her the maximum time she faced if found guilty as charged, being twenty-six years, and thought that information caused her to accept the negotiated plea. Cox stated that he discussed Robinson's "options," i.e., the negotiated plea or trial, with her on approximately five occasions.
This version of events, which the trial court appears to have credited, contradicts Robinson's version of events and is consistent with defense counsel's obligation to his client to provide a candid appraisal of the likelihood of success at trial and to inform the client of the potential penalty should the client be convicted as charged. The fact that Cox and Robinson discussed her options on five occasions belies her contention that she had but an hour to make up her mind. There no doubt came a point in time where Robinson had to make a difficult choice but this does not, in law, make the decision involuntary.
Cox said he thought Robinson had a defense "to one of the charges." The record reflects that Cox filed a notice of alibi and identified what appears to be three alibi witnesses. The State suggests that the alibi defense related to the burglary charge — the least serious of the three charges — that was dismissed, and Robinson has not responded to the contrary. Furthermore, Cox's belief that Robinson had an alibi defense was not an assurance that the defense would succeed at trial.
As for her claimed confusion at the plea proceeding, the record fails to portray any confusion that the trial court failed to clear up. Based on the testimony credited by the trial court and the rest of the record before us, we see no departure from objectively reasonable representation in connection with Robinson's pleas of guilty.
3.
Robinson next claims Cox failed to properly investigate her case and explore potential defenses. She testified that he was rude to and short with her, and did not review potential defenses or contact witnesses she proposed. Cox, whom the court credited, testified that he had pretrial discovery information from the State and reports from his own investigators. He testified that he may have met with Robinson up to ten times, sometimes for up to an hour. He testified that he had discussed potential defenses and witnesses with her. He listed seven witnesses on the witness list he filed July 22 and had talked to at least the alibi witnesses as of the time Robinson entered her guilty pleas. On this record, we cannot say that Cox was rendering deficient representation at the time Robinson changed her pleas to guilty.
4.
Finally, Robinson claims Cox was deficient in not moving to have her evaluated for competency. The trial court did consider Robinson's competency during the hearing on the motion to withdraw guilty pleas, in response to the motion filed by her successor counsel. The court found no basis for inquiring into Robinson's competence, and the record reveals no basis for disturbing that determination. The fact that Robinson needed things explained to her did not necessarily mean she lacked the capacity to participate in the proceedings.
The assignment is overruled.
The judgment will be affirmed.
FAIN, J. and YOUNG, J., concur.