OPINION
Defendant-appellant, Antonio Kelly, appeals from the October 28, 1999 judgment of conviction of the Franklin County Court of Common Pleas finding him guilty of one count of aggravated robbery with a firearm specification, three counts of felonious assault with firearm specifications, and one count of having a weapon while under disability. For the reasons that follow, we affirm the judgment of the trial court.
Appellant was indicted by the Franklin County Grand Jury on February 4, 1999, on a six-count indictment. Count 1 of the indictment charged appellant with one count of aggravated robbery in violation of R.C. 2911.01. Counts two, three, and four, charged appellant with felonious assault in violation of R.C.2903.11. Count five charged appellant with aggravated burglary in violation of R.C. 2911.11. Count six charged appellant with having a weapon while under disability in violation of R.C.2923.12. Counts one through five each contained a firearm specification pursuant to R.C. 2941.145. The charges all related to an incident that occurred on October 26, 1998, in which it was alleged that appellant entered an apartment at 1120 East Fulton Street under the pretext of buying drugs. Once inside, appellant was alleged to have shot three people, ransacked the apartment, and stolen some marijuana and a shotgun. Steve Yates was shot in the chest and leg, resulting in permanent paralysis. Fifteen-year-old Eugene Flowers was shot in the leg, and John Rose was shot twice in the back and once in the face. The three victims identified appellant in court as the person who had shot them. Rose and Yates also identified appellant from photo arrays the police showed them.
Prior to trial, appellant moved to have his court-appointed counsel removed. The trial court conducted a hearing and overruled the motion. At a subsequent hearing, the trial court also overruled a motion to suppress the identification made by John Rose when he selected appellant from a photo array.
Appellant's jury trial commenced on August 3, 1999. The state requested a nolle prosequi for count five, the aggravated burglary count. Appellant elected to have the weapon under a disability count tried to the court.
On August 4, 1999, the jury returned guilty verdicts on counts one through four. The trial court later found appellant guilty of count six. The trial court sentenced appellant to seven years imprisonment on each of the three felonious assault counts, to be served consecutively. Appellant received an additional three years imprisonment for the gun specification. Appellant received seven years imprisonment for count one and nine months for count six, both to run concurrently with the other sentences for a total of twenty-four years.
Appellant has timely appealed, asserting as error the following:
 I. Trial Court committed prejudicial error in overruling Motion of Defendant-Appellant, an indigent, for removal of appointed counsel in violation of the Fifth, Sixth, and Ninth Amendments of the United States Constitution and Sections One, Ten, and Twenty of the Ohio Constitution, Article I, Bill of Rights, and the Due Process and Equal Protection provisions of the United States and the Ohio Constitutions on the following grounds: (1) Denial of effective assistance of counsel; (2) fundamental unfairness; and (3) denial of the equal protection of the laws.
 II. Trial Court committed prejudicial error in overruling Motion of Defendant-Appellant to suppress identification in violation of the Fifth, Sixth, and Ninth Amendments of the United States Constitution and Sections One, Ten, and Twenty of the Ohio Constitution, Article I, Bill of Rights, and the Due Process and Equal Protection provisions of the United States and the Ohio Constitutions on the following grounds: (1) denial of effective assistance of counsel; (2) fundamental unfairness; and (3) denial of the equal protection of the laws.
 III. Trial Court committed prejudicial error in admitting testimony of a witness, to wit: Defendant-Appellant's alleged association with a gang "Choke and Kill boys", before the jury that was irrelevant, immaterial, misleading, and highly inflammatory in violation of the Due Process and Equal Protection provisions of the United States and the Ohio Constitutions and Ohio Statutory law, specifically, Ohio R. Evid. 401, 402, and 403(A) on the following grounds: (1) irrelevant, immaterial, misleading, and highly inflammatory; (2) fundamental unfairness; and (3) denial of the equal protection of the laws.
 IV. Defendant-appellant did not receive a fundamentally fair trial in violation of the Fifth, Sixth, and Ninth Amendments of the United States Constitution and Sections One, Ten, and Twenty of the Ohio Constitution, Article I, Bill of Rights, and the Due Process and Equal Protection provisions of the United States and the Ohio Constitutions on the following grounds: (1) denial of effective assistance of counsel; (2) fundamental unfairness; and (3) denial of the equal protection of the laws.
 V. The verdict is against the manifest weight of evidence in accordance with the Due Process and Equal Protection provisions of the United States and the Ohio Constitutions.
 VI. The verdict is not supported by sufficient probative evidence in accordance with the Due Process and Equal Protection provisions of the United States and the Ohio Constitutions.
 VII. Trial Court committed prejudicial error in overruling Motion of Defendant-Appellant for production of a transcript of the proceedings in the trial, to wit: (1) opening statements and (2) closing arguments, in violation of the Due Process and Equal Protection
provisions of the United States and the Ohio Constitutions on the following grounds: (1) fundamental unfairness; and (2) denial of the equal protection of the laws.
In his first assignment of error, appellant argues the trial court erred in overruling his motion for removal of appointed counsel. Appellant argues an actual conflict of interest arose because appellant told his appointed counsel that he was innocent, yet appointed counsel advised appellant that he would lose at trial and, therefore, appellant should accept the state's offer of a plea bargain. Appellant also argues that, during the first four months he was in jail, appointed counsel never met with him to discuss his case.
We find the trial court did not err in overruling the motion to replace appointed counsel. The right to competent counsel does not require that a criminal defendant develop and share a "meaningful relationship" with his attorney. State v.Blankenship (1995), 102 Ohio App.3d 534, 558, quoting Morris v.Slappy (1983), 461 U.S. 1, 13, 103 S.Ct. 1610, 1617. The Supreme Court of Ohio in State v. Cowans (1999), 87 Ohio St.3d 68, 72, noted that an indigent defendant has no right to have a particular attorney represent him and, therefore, must demonstrate "good cause" to warrant substitution of counsel. "'[T]he trial judge may * * * [deny the requested substitution and] require the trial to proceed with assigned counsel participating if the complaint * * * is unreasonable.'" Id., quoting, State v. Deal (1969), 17 Ohio St.2d 17, syllabus. The trial court's decision is reviewed under an abuse of discretion standard. United States v. Iles (C.A.6, 1990), 906 F.2d 1122, 1130, fn. 8.
Here, appellant's chief complaints were that his attorney had not met with him and was advising him to accept a plea bargain because he was going to lose at trial. The record indicates that appellant's counsel initially believed the state was interested in some information appellant might provide. Therefore, it was not until negotiations broke down that counsel was able to discuss plea options with his client. "`A lawyer has a duty to give the accused an honest appraisal of his case. * * * Counsel has a duty to be candid; he has no duty to be optimistic when the facts do not warrant optimism.'" Brown v. United States
(C.A.D.C. 1959), 264 F.2d 363, 369 (en banc), quoted in McKee v.Harris (C.A.2, 1981), 649 F.2d 927. "`If the rule were otherwise, appointed counsel could be replaced for doing little more than giving their clients honest advice.'" Id. at 932, quoting McKeev. Harris (S.D.N.Y. 1980), 485 F. Supp. 866, 869.
Here, appellant did not set forth good cause for replacing counsel. The record indicates that appellant's counsel did meet with him, did file appropriate pre-trial motions, and did discuss appellant's strategy and options. Appellant's complaints do not constitute such a breakdown in the attorney-client relationship such that appointed counsel needed to be replaced. The first assignment of error is not well-taken.
In his second assignment of error, appellant argues that the trial court erred in overruling his motion to suppress the photo identification made by John Rose. Appellant argues the identification was obtained under unduly suggestive circumstances in that, before making the identification, Mr. Rose was first shown a photo array that contained a picture of appellant taken five or six years prior to the instant offense. (Tr. 20, 22.) Mr. Rose was unable to identify appellant when shown the first photo array with the older picture of appellant. Upon being shown another photo array containing a picture of appellant taken at the time of his arrest on the charges in this case, Mr. Rose positively identified appellant as the person who shot him.
In State v. Perryman (1976), 49 Ohio St.2d 14, the Supreme Court of Ohio, citing Simmons v. United States (1968),390 U.S. 377, 381, 88 S.Ct. 967, 969, 19 L.Ed.2d 1247, held that each case involving a photographic array must be considered in a case-by-case manner. The standard for admitting testimony concerning an out-of-court identification is whether there is a very substantial likelihood of irreparable misidentification.Neil v. Biggers (1972), 409 U.S. 188, 198, 93 S.Ct. 375, 381,34 L.Ed.2d 401, citing, Simmons, supra, at 384. Even if the identification procedure utilized is suggestive, as long as the identification itself is otherwise reliable, the identification is admissible. Id. at 199, 382.
In Biggers, the court stated that, to determine whether, under the totality of the circumstances the identification is reliable, a number of factors should be considered. The court must consider: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation. Applying these standards to the present case, we reject appellant's argument.
On the night of the incident, Mr. Rose walked past the shooter twice and looked at him each time. The following January, the police showed Mr. Rose a number of photo arrays, one of which contained an old photograph of appellant when he was a young teenager. Mr. Rose could not identify appellant. However, when the police showed Rose a photo array containing a recent photograph of appellant, Mr. Rose immediately and positively identified appellant as the shooter. Mr. Rose also testified that the police did not suggest, in any way, which photograph to pick.
This procedure was not impermissibly suggestive and, in fact, was remarkably similar to the facts in State v. Roundtree
(May 14, 1997), Wayne App. No. 96CA0058, unreported. InRoundtree, a diamond ring was stolen from a jewelry store. The police showed the clerk and assistant manager a six-photo array that included an older photo of the defendant. Neither woman could identify the person as the suspect. Some time later, the police showed the witnesses a different six-photo array, which included a recent photo of the suspect. From the new array, the clerk was able to identify the defendant as the man who stole the diamond ring. The court of appeals held that the identification procedure employed was not impermissibly suggestive and that the clerk's photo array identification was not so unreliable or suspect that the trial court should have granted the motion to suppress. Accordingly, the trial court did not err in overruling the motion to suppress. See, also, State v. Fischer (Sept. 18, 1985), Summit App. No. 12089, unreported (victim shown a four-year-old photo and could not identify attacker. Sixteen days later police showed victim a recent photograph and victim positively identified defendant).
Appellant also argues that he had a right to have counsel present at the time the photographic array was shown to the witness. However, in United States v. Ash (1973),413 U.S. 300, 321, the United States Supreme Court rejected the argument and held that the Sixth Amendment does not grant the right to counsel at photographic displays conducted by the government for the purpose of allowing a witness to identify a suspect. The second assignment of error is not well-taken.
In his third assignment of error, appellant argues the trial court erred in admitting testimony about appellant's alleged gang affiliation. Eugene Flowers testified that, before the shooting, he had seen the person who shot him at a teen club called "Traffic Jam." (Tr. 37.) However, upon being shown a photo array that included appellant's picture, Flowers was unable to identify the person who shot him. (Tr. 42-43.) Flowers testified that "part of the reason" he did not identify appellant in a photographic array was because he was afraid of a gang associated with the "Bloods" known as the "Choke and Kill Boys." (Tr. 43-44.) Counsel for the state then asked:
 Q. The person that you knew, the person you saw before at the Traffic Jam
A. Yes.
Q. — did you know him to be a Blood?
A. Yes. [Tr. 44.]
Appellant's counsel objected on the grounds of hearsay, and the objection was overruled. The trial court gave a limiting instruction to the jury that they were not to consider the testimony as proof that appellant was a member of the organization but, rather, to show the witness's state of mind when he was looking at the photo array. (Tr. 47.)
Flowers' testimony was not hearsay as it was neither an out-of-court statement, nor was it offered to prove the truth of the matter asserted. Even if it were hearsay, it fell within the exception to the hearsay rule that excepts statements of the declarant's then existing state of mind. Evid.R. 803(3).
Appellant argues the testimony should have been excluded under Evid.R. 401, 402 and 403(A) as irrelevant, immaterial, misleading, and highly inflammatory. Although the testimony was clearly unfavorable to appellant, we cannot say that the probative value of the statement was substantially outweighed by the danger of unfair prejudice.
Generally, any evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. The trial court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice. Evid.R. 403(A). Of course, evidence of membership in a criminal gang is clearly inadmissible if its only purpose is to establish that the defendant acted in conformity with his bad character or to demonstrate that he had a propensity to commit a crime. Evid.R. 404.
Here, the identity of the shooter was the key issue in the case. Appellant's alleged membership in a gang was offered to explain the witness's fear of making an identification of appellant, and to explain why the witness did not pick appellant out of a photo array. See, e.g., State v. Johnson (Tenn. 1987),743 S.W.2d 154, 158 (defendant's membership in a motorcycle gang admissible to explain witness's fear of the defendant). In addition, the trial court instructed the jury not to make improper inferences from Flowers' testimony. The third assignment of error is not well-taken.
In his fourth assignment of error, appellant argues he was deprived of a fair trial due to ineffective assistance of counsel. Reversal of a conviction for ineffective assistance of counsel requires that the defendant show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. Strickland v. Washington (1984), 466 U.S. 668,687. Accord State v. Bradley (1989), 42 Ohio St.3d 136. "[T]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Strickland, at 686. Thus, a two-part test is necessary to examine such claims. First, appellant must show that counsel's performance was objectively deficient by producing evidence that counsel acted unreasonably. State v.Keith (1997), 79 Ohio St.3d 514, 534. Second, appellant must show that, but for the counsel's errors, there is a reasonable probability that the results of the trial would be different. Id.
Appellant contends that his trial counsel's performance was deficient in the following ways: (1) not being as prepared as usual and failing to file certain motions; (2) failing to articulate his arguments in support of the motion to suppress identification; (3) failure to challenge the constitutionality of the weapon under disability statute; (4) failure to interview possible alibi witnesses and failure to present an alibi defense; (5) waiver of taking jury selection on the record; (6) failure to file a motion to suppress prior convictions; (7) failure to object to admission of a police report; and (8) failure to raise the issue of allied offenses in regard to the felonious assaults and the aggravated robbery charges.
The state has failed to respond to most of these arguments on the basis that appellant's arguments "border on frivolity." The state's cavalier effort at briefing does not assist the court in any way in reviewing the issues on appeal. Appellant, who was nineteen years old at the time he committed the offenses, was convicted of serious charges and sentenced to spend the next twenty-four years in prison. Whether his arguments ultimately are successful or unsuccessful, his appeal merits serious attention.
First, with respect to trial counsel's preparedness, appellant has taken a statement out of context that trial counsel made at the hearing for removal of appointed counsel. Trial counsel indicated that, at the time of the hearing, it had appeared that the trial was not going forward. Consequently, trial counsel indicated, "there are some motions that I didn't file, which I would like the opportunity to file some other things that have come to my attention." (May 20, 1999 Tr. at 4.) The record shows that trial counsel then requested and the trial court granted a continuance. Trial counsel subsequently filed a notice of alibi and a motion to suppress. Thus, appellant is unable to show that he was prejudiced in any way by his trial counsel's earlier failure to file certain motions.
Second, the motion to suppress has already been discussed in the context of appellant's second assignment of error and found to be without merit.
Third, appellant argues that his trial counsel rendered faulty advice with regard to the waiver of a jury trial on count six, the weapon under a disability charge. Appellant appears to be arguing that the statute is unconstitutional because it permits the admission of evidence of a prior conviction or juvenile adjudication. Appellant argues that R.C. 2151.358(H) precludes the use of evidence of a prior juvenile delinquency adjudication to establish the disability element of R.C. 2923.13, the weapon under disability statute. This issue has been addressed and found to be without merit by the Twelfth District Court of Appeals inState v. Bonner (Mar. 28, 1994), Butler App. No. CA93-09-176.
R.C. 2151.358(H) provides, in pertinent part, that:
 * * * Evidence of a judgment rendered and the disposition of a child under that judgment is not admissible to impeach the credibility of the child in any action or proceeding. Otherwise, the disposition of a child under the judgment rendered or any evidence given in court is admissible as evidence for or against a child in any action or proceeding in any court in accordance with the Rules of Evidence and also may be considered by any court as to the matter of sentence or to the granting of probation.
In Bonner, the court held that, under a prior version of the statute, the state was precluded from using evidence of a prior juvenile adjudication to establish the disability under R.C.2923.13(A)(2). However, the court noted that the statute was amended, effective July 31, 1992, and in its current form the state can use an individual's prior juvenile delinquency adjudication to establish the disability under R.C. 2923.13(A)(2). Appellant's argument is without merit.
Fourth, appellant argues his trial counsel failed to interview possible alibi witnesses and failed to present an alibi defense. This argument raises matters outside the record that are not the proper subject of this appeal.
Fifth, appellant argues his trial counsel failed to file a motion to suppress his prior convictions, "mostly juvenile, that led to his decision not to testify." Appellant has not identified any grounds for filing such a motion or any reason why his adult record could not be brought out on cross-examination if appellant elected to testify. The argument is not well-taken.
Sixth, appellant argues his trial counsel failed to object to the admission of a police report as hearsay. The transcript reflects that the police report was not admitted into evidence. (Tr. 148.) The argument is without merit.
Seventh, appellant argues his trial counsel failed to raise the issue of allied offenses. Comparing the elements of felonious assault and aggravated robbery, it is clear that commission of one offense does not necessarily result in commission of the other offense. See State v. Rance (1999),85 Ohio St.3d 632, paragraph one of the syllabus ("Under an R.C.2941.25(A) analysis, the statutorily defined elements of offenses that are claimed to be of similar import are compared in theabstract"). Felonious assault requires that the offender cause or attempt to cause physical harm. Aggravated robbery does not require that. Aggravated robbery does require that the offender commit or attempt to commit a theft offense. At sentencing, the trial court found that "three people that were in the house were shot, without any particular indication that there was anything other than a desire to kill them, or at least do some serious physical harm. One man was shot while he was lying on the ground, as I recall." (Oct. 21, 1999 Tr. at 14-15.) Appellant has failed to show that, but for counsel's failure to raise the issue of allied offenses, there is a reasonable probability that the results of the trial would be different.
Appellant has failed to meet the two-part test for ineffective assistance of counsel. The fourth assignment of error is not well-taken.
In his fifth and sixth assignments of error, appellant argues his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence. Sufficiency of the evidence is the legal standard applied to determine whether the case should have gone to the jury. State v. Thompkins (1997),78 Ohio St.3d 380, 386. In other words, sufficiency tests the adequacy of the evidence and asks whether the evidence introduced at trial is legally sufficient as a matter of law to support a verdict. Id. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781. The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact. Jenks, supra, at 273. If the court determines that the evidence is insufficient as a matter of law, a judgment of acquittal must be entered for the defendant. See Thompkins,supra, at 387.
Appellant has also argued that his convictions were against the manifest weight of the evidence. Even though supported by sufficient evidence, a conviction may still be reversed as being against the manifest weight of the evidence.Thompkins, supra, at 387. In so doing, the court of appeals sits as a "thirteenth juror" and, after "`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Id. (quoting State v.Martin [1983], 20 Ohio App.3d 172, 175); see, also, Columbus v.Henry (1995), 105 Ohio App.3d 545, 547-548. Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the most "`exceptional case in which the evidence weighs heavily against the conviction.'" Thompkins,supra, at 387.
Here, appellant points out that two of the victims who identified appellant as the shooter were smoking marijuana the night the offenses occurred. Appellant also indicates that there was a close-knit relationship among the three witnesses. Appellant points to minor inconsistencies regarding height, clothing, and hair given by the three victims and that the descriptions given to the police by the gunshot victims were "very sketchy." (Tr. 131,136.)
As this court has previously indicated, minor inconsistencies in testimony do not render a defendant's conviction against the manifest weight or sufficiency of the evidence. State v. Nivens (May 28, 1996), Franklin App. No. 95APA09-1236, unreported. It was within the province of the jury to make the credibility decisions in this case. The fifth and sixth assignments of error are without merit.
In his seventh assignment of error, appellant contends the trial court committed error in overruling his motion for production of a complete transcript, specifically opening statements and closing arguments. This issue has already been addressed by this court in overruling a similar motion. (See Journal Entry of Jan. 10, 2000.) The seventh assignment of error is not well-taken.
Based on the foregoing, appellant's seven assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
BOWMAN, P.J., and BRYANT, J., concur.