THE STATE OF OHIO, APPELLEE, *v.* DEAL, APPELLANT.

[Cite as State v. Deal, 17 Ohio St. 2d 17.]

(No. 68-120—Decided February 11, 1969.)

18

*Mr. C. Howard Johnson,* prosecuting attorney, and *Mr. Marvin S. Romanoff,* for appellee.
*Mr. Thomas M. Tyack,* for appellant.

SCHNEIDER, J. Appellant's first assignment of error is that he was denied effective assistance of counsel. His court-appointed counsel did not file notice of alibi defense, nor did he subpoena the witnesses that appellant says were needed for this defense. From the record, it is impossible to determine whether appellant was adequately represent-

ed, because it contains nothing indicating why no witnesses were called or why no alibi defense was prepared. It is entirely possible that appointed counsel talked to those witnesses and concluded that there was no worthwhile alibi defense. The Court of Appeals affirmed appellant's conviction on the ground that he had not established error because the record did not refute this possibility that counsel had investigated appellant's alibi defense and found it wanting. We reverse because, in the circumstances of this case, it was the duty of the trial court to see that the record contained an adequate investigation of appellant's complaint.

The appellant, by himself, did everything he could be expected to do to preserve his objection as to the incompetency of his counsel and to the defense his counsel had prepared. His objection was specific, not vague or general. He made this objection at the trial, at the close of the state's case, which would seem to assure that such objection was timely. See annotation, 74 A. L. R. 2d 1390, 1411. Compare *Tompsett* v. *Ohio*, 146 F. 2d 95, where a defendant's failure to object at trial was deemed to indicate acquiescence in the performance of his attorney.

The difficulty here is that the record does not show any investigation by the trial court into appellant's objection, yet appellate review of the competency of counsel is generally limited to what does appear in the record. See Comment, Incompetency of Counsel as a Ground for Attacking Criminal Convictions in California and Federal Courts, 4 U. C. L. A. L. Rev. 400, 416. Having "discharged" his counsel, appellant had no legal advice when he most needed it to assure that the record would show something indicative of incompetence beyond the mere fact that a defense had not been used. In these circumstances, we think it was the trial court's duty to put its own investigation of such an objection into the record, and thus prevent the appellant from being deprived of review on the matter. In other words, before continuing with the trial the court should have made it clear in the record whether the

appellant's action was an arbitrary failure to go forward or a legitimate claim of inadequate representation.

Such a record could have been made if the court had asked appellant's trial counsel why he had not filed notice of alibi or subpoenaed appellant's alleged witnesses. The right to counsel is important enough that in a situation such as this a reviewing court should have sufficient information in the record to determine whether a claim of inadequate counsel is justified. We therefore reverse the judgment and remand the cause to the Court of Common Pleas for a reinvestigation, to be put on the record, of the appellant's claim of incompetent counsel. If the claim is unfounded, that court may re-enter the judgment.

*Judgment reversed.*

TAFT, C. J. ZIMMERMAN, MATTHIAS and O'NEILL, JJ., concur.

HERBERT and DUNCAN, JJ., not participating.