OPINION
Defendant-appellant Audie Murphy appeals the April 29, 1999 Judgment and Sentencing Entry of the Richland County Court of Common Pleas which memorialized a jury verdict of guilty and sentenced appellant accordingly. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
On November 12, 1998, appellant was indicted by the Richland County Grand Jury with three counts of trafficking and crack cocaine in violation of R.C. 2925.03. The matter proceeded to a jury trial on April 22 and 27, 1999. On the morning of trial, appellant's counsel orally moved the court to continue the trial. T. 5-6. The trial court denied this motion. Id. After the jury had been selected, the trial court released the jury for a break. Immediately thereafter, the following exchange occurred:
 THE COURT: All the jurors have left. [Appellant's trial counsel], there was something you wanted to put on the record here. I believe you were telling me that [appellant] was expressing dissatisfaction with your services and wanted to discharge you.
[APPELLANT'S TRIAL COUNSEL]: Oh, yes.
 THE COURT: [Appellant], you didn't hire [trial counsel]. You didn't hire anybody. We hired somebody to represent you. We were careful to hire someone who is fully qualified. They are bound by our magistrate.
 I know [appellant's trial counsel] to be a good attorney. You are not in a position to fire him because you didn't hire him. You will not be able to fire him or delay the trial on that basis. Do you understand?
APPELLANT: Yes, sir.
THE COURT: Anything else?
APPELLANT: No, sir.
T. at 117
The trial resumed. After hearing all the evidence, the jury found defendant guilty of three counts of trafficking in cocaine. In an April 29, 1999 Judgment Sentencing Entry, the trial court sentenced appellant to sixteen months on the first count, ten months on the second count, and ten months on the third count. The trial court ordered the sentences be served consecutively for a total of thirty-six months. It is from that judgment entry appellant prosecutes this appeal, assigning as error the following:
 THE TRIAL COURT FAILED TO TAKE THE NECESSARY STEPS REQUIRED TO SUFFICIENTLY INQUIRE INTO DEFENDANT'S BASIS FOR DISSATISFACTION WITH COUNSEL.
 I
In his sole assignment of error, appellant maintains the trial court failed to sufficiently inquire into appellant's basis for dissatisfaction with his counsel. We agree. In support of his contention, appellant cites State v. Deal (1969), 17 Ohio St.2d 17
. In Deal, the Ohio Supreme Court held: Where, during the course of his trial for a serious crime, an indigent accused questions the effectiveness and adequacy of assigned counsel, by stating that such counsel failed to file seasonably a notice of alibi or to subpoena witnesses in support thereof even though requested to do so by accused, it is the duty of the trial judge to inquire into the complaint and make such inquiry a part of the record. The trial judge may then require the trial to proceed with assigned counsel participating if the complaint is not substantiated or is unreasonable.
Syllabus.
In so holding, the Supreme Court reasoned appellate review of the competency of counsel is limited to facts appearing in the record. Therefore, judicial inquiry is necessary to create a record of the reasons underlying such a complaint. Id. at 19. In the matter sub judice, appellant advised the trial court his appointed counsel was unsatisfactory and asked the trial court to discharge his counsel. The trial court recognized the request, but did not conduct the inquiry required in Deal. In fact, the trial court did not afford appellant any opportunity to explain his complaint. Accordingly, this court has no record of the facts and circumstances surrounding the complaint, and no ability to assess an ineffective assistance of counsel claim. In light of the Ohio Supreme Court's mandate in Deal, appellant's sole assignment of error is sustained. The April 29, 1999 Judgment and Sentencing Entry of the Richland County Court of Common Pleas is hereby Reversed. This matter is remanded to the Court for a re-investigation of appellant's claim of incompetent counsel. This re-investigation shall be conducted on the record. If the trial court finds the claim is unfounded, the trial court may re-enter the judgment and sentence.
HOFFMAN, P.J. and FARMER, J. concur