JOURNAL ENTRY and OPINION
{¶ 1} This is a consolidated appeal from resentencing proceedings and orders of Judge Patricia Cleary. Christ Steimle claims the judge erred in resentencing him on convictions for felonious assault[1] and intimidation,[2] and in denying his oral motion to withdraw his guilty pleas. We vacate and remand for resentencing.
{¶ 2} On August 5, 1999, then twenty-four-year-old Steimle pleaded guilty to felonious assault and intimidation, the charges resulting from an assault on his wife and subsequent threats that she not testify against him, which were communicated to her while she was in the hospital recovering from the attack. The judge sentenced him to maximum terms of eight years imprisonment for the felonious assault conviction, and five years for the intimidation conviction, to be served consecutively. On appeal, this court vacated the sentences and remanded for resentencing because the judge failed to state the findings required by R.C.2929.14(E)(4) before imposing consecutive sentences.[3]
{¶ 3} On December 21, 2000, three days after our opinion was journalized, the judge ordered Steimle returned "as soon as possible" for a resentencing hearing scheduled for December 26, 2000. On December 29, 2000, the judge's last day on the Common Pleas bench, Steimle was resentenced to the same prison terms, and the judge stated, inter alia, her findings supporting the consecutive sentences. She incorporated the transcript of the prior resentencing and marked it as an exhibit, noted that the victim-wife had been given an opportunity to be heard at that earlier proceeding, and generally stated that the purpose of the resentencing was to allow her to place on the record the findings supporting consecutive sentences. With Steimle was a lawyer who had represented him at both the plea hearing and original sentencing and, while the judge was restating the facts and proceedings leading up to the present hearing, Steimle interrupted, stating that he had fired the lawyer, had filed a grievance against him, and requested another lawyer. The judge did not respond to Steimle's repeated complaints or his request for a different lawyer, and continued with the hearing.
{¶ 4} When given the opportunity, Steimle's lawyer admitted that he had been fired after the initial sentencing, and otherwise only spoke to correct an error in the judge's recitation of Steimle's criminal record. Steimle personally requested leniency based on his own version of the facts of the offenses and his participation in treatment and educational programs in prison. During sentencing he interrupted again, first making an oral motion to withdraw his pleas, and then again requesting another lawyer. Denying both motions, the judge stated that he was represented by the lawyer present. She then re-imposed the original terms of imprisonment, resulting in a thirteen-year sentence. As during the first hearing, she again failed to inform Steimle of post-release controls after his prison terms and, thus, post-release control was not part of the sentence imposed.
{¶ 5} The second and fifth of his eight assignments of error, which we find dispositive, state as follows:
 {¶ 6} II. DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AND COUNSEL OF CHOICE AS THE COURT NEVER ADDRESSED DEFENDANT'S CONCERN REGARDING COUNSEL WHO APPEARED AT THE RESENTENCING PROCEEDINGS.
 {¶ 7} V. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT FAILED TO CONDUCT AN IMPARTIAL RESENTENCING.
{¶ 8} Steimle claims, because the judge forced him to proceed with a lawyer he had fired, and against whom he had already filed a grievance and postconviction claims of ineffective assistance of counsel, the sentence imposed was fatally flawed. He submits the judge should have heeded his complaints and appointed another lawyer. The State counters that the judge had no duty to inquire into his complaints because his lawyer had been privately retained rather than appointed, and that he constructively waived his right to another lawyer by failing to retain one during the seven months between his last representation by any lawyer and the resentencing proceeding here.
{¶ 9} The State's arguments lack merit because, even though Steimle retained a lawyer to represent him during the plea proceedings and original sentencing, there is no dispute that the lawyer no longer represented him in any proceedings after the original sentencing. He appealed his sentences pro se, and pursued postjudgment motions to withdraw his pleas and postconviction petition either pro se or through a different lawyer arguing, in part, that his trial lawyer provided constitutionally ineffective assistance. The record does not reveal how or why Steimle's trial lawyer appeared at this proceeding, but it is apparent that Steimle did not request his presence. The lawyer stated for the record that Steimle had fired him after the initial sentencing, and he provided no assistance or argument on Steimle's behalf beyond correcting the judge's misstatement of his criminal history.
{¶ 10} The State concedes that if Steimle's lawyer had been appointed[4] the judge should have inquired into the basis of his complaints, but it contends that he was not entitled to these protections because his lawyer had been retained. Even if this distinction altered the judge's duty to inquire into the complaints (a question we need not address), the lawyer was not acting as retained counsel at the time of the resentencing and, to the extent he was acting as Steimle's lawyer in any capacity, he was acting as the judge's appointee. In such circumstances the judge's duty of inquiry was indistinguishable from those in Deal and Beranek, supra.
{¶ 11} Moreover, the State's contention that Steimle had seven months to retain new counsel does not reflect the circumstances at resentencing or the relevant time period. Our judgment remanding the case for resentencing was released on December 7, 2000, and journalized on December 18, 2000. The judge immediately ordered Steimle's return for resentencing on December 21, 2000, and held the resentencing hearing on December 29, 2000. Steimle had barely a week from the order that he be returned for resentencing "as soon as possible" to retain a lawyer or claim indigence and request one be appointed. He could not have foreseen our decision or the judge's response, and should have been given a reasonable opportunity to obtain appropriate counsel prior to resentencing.
{¶ 12} The circumstances here go beyond a judge's mere duty to inquire into the basis of the complaints, because the record in SteimleI reveals ineffective assistance of counsel as an assignment of error. We are satisfied on the present record that the trial lawyer was present not at Steimle's request, but only to satisfy the appearance of legal representation. Scheduling a resentencing hearing within such a short period of time, and without allowing Steimle an opportunity to obtain and confer with counsel, is presumptively prejudicial, because it essentially denied him the effective assistance of any counsel.[5]
{¶ 13} The lawyer addressed the judge only briefly in order to correct a misstatement of the record and made no attempt to aid Steimle in presenting a case for mitigation, to assist in his request to withdraw his guilty pleas, or to challenge any aspect of the procedure. The record demonstrates that Steimle was represented by counsel in name only, and that he received no substantial assistance in the resentencing proceedings.[6] We sustain the second assignment of error.
{¶ 14} The fifth assignment of error complains that the judge failed to hold an impartial sentencing hearing because she incorporated the earlier proceedings into the record instead of conducting a new sentencing proceeding altogether. An order vacating a sentence and remanding for resentencing requires a judge to conduct a new sentencing hearing at which all relevant factors are again considered, victims are notified, the defendant is present and allowed to speak, and the appropriate sentence is considered and imposed anew.[7] The State argues that this court's order in Steimle I did not require a full resentencing, but was only a limited remand requiring the judge to state findings supporting the consecutive sentences. While the State correctly identifies the reason we vacated the sentence, it misreads our general vacation and remand for resentencing as somehow limited. Such a reading is not supported by our prior order, and would conflict with R.C.2929.19(A)(1), which states, in part, as follows:
 {¶ 15} The court shall hold a sentencing hearing before imposing a sentence under this chapter upon an offender who was convicted of or pleaded guilty to a felony and before resentencing an offender who was convicted of or pleaded guilty to a felony and whose case was remanded pursuant to R.C. 2953.07
or 2953.08 of the Revised Code. * * *
{¶ 16} This provision requires a judge to hold a new sentencing hearing, including all applicable procedures, whenever a sentence is remanded. The defendant and the victim(s) are allowed to present information, a defendant has a right to speak prior to imposition of sentence,[8] and a judge is required to consider the record, any information presented, any presentence report, and any victim impact statement before imposing sentence.[9] A defendant also is entitled to notice of his right to appeal, to have a lawyer appointed if he is indigent,[10] and must be notified that post-release control is part of his sentence if, in fact, it is to be part of his sentence.[11]
{¶ 17} This record does not show that the judge conducted a new sentencing hearing in compliance with R.C. 2929.19(A)(1), or that she approached the resentencing as an independent proceeding in compliance with R.C. 2929.19(B)(1). While the facts surrounding the conviction do not change, the purpose of resentencing is to allow the judge to consider all relevant factors and make all applicable findings with accompanying reasons in the same proceeding, thus aiding both clarity and consistency. This is not accomplished by the blanket incorporation of a previous sentencing transcript without discussing its contents, a practice which only serves to cloud the question of whether the judge is fulfilling her duty to "consider the record"[12] in a new proceeding. At a sentencing following remand it is mandatory that the relevant findings and supporting reasons are addressed and considered both in relation to one another and in their totality. Without limiting the statutory requirements or mandating particular proceedings, we find that relevant portions of the previous sentencing may be read into the record or summarized on resentencing, as was done here, but a judge should be careful to ensure that prior determinations are not simply adopted without showing that they have been considered anew.
{¶ 18} Moreover, even though a judge need not order the production of new victim impact statements or a new presentence investigation report, he must reconsider those already in the record under R.C.2929.19(B)(1), and R.C. 2929.19(A)(1) requires that victims or their representatives be notified of the new hearing and granted the opportunity to participate.
{¶ 19} We are not satisfied that the judge considered the applicable sentencing factors and provisions again, rather than simply relying on her previous determinations. Moreover, she failed to inform the victims of the new proceedings, and failed to inform Steimle of his Crim.R. 32(B) rights to appeal the sentence and to have counsel appointed for him if he was indigent. The fifth assignment of error is sustained.
{¶ 20} Steimle's remaining assignments of error state as follows:
 {¶ 21} I. DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO A FAIR TRIBUNAL.
 {¶ 22} III. DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO REPRESENT HIMSELF.
 {¶ 23} IV. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT MADE FACTUAL FINDINGS FROM ITS OWN KNOWLEDGE.
 {¶ 24} VI. DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT OF ALLOCUTION WHEN THE COURT PROCEEDED TO IMMEDIATELY ANNOUNCE SENTENCE PRIOR TO ADDRESSING DEFENDANT.
 {¶ 25} VII. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS SENTENCED TO CONSECUTIVE SENTENCES.
 {¶ 26} VIII. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT REFUSED TO ALLOW DEFENDANT TO WITHDRAW HIS PLEAS OF GUILTY.
{¶ 27} Because Steimle is entitled to a remand for resentencing based on our disposition of assignments two and five, we find the remaining assignments moot pursuant to App.R. 12(A)(1)(c).
Sentence vacated and remanded for resentencing.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J. and FRANK D. CELEBREZZE, JR., J. CONCUR.
[1] R.C. 2903.11.
[2] R.C. 2921.04.
[3] State v. Steimle (Dec. 7, 2000), Cuyahoga App. Nos. 77005, 77006, 77302, 77303 ("Steimle I").
[4] State v. Deal (1969), 17 Ohio St.2d 17, 46 O.O.2d 154,244 N.E.2d 742, paragraph two of the syllabus; State v. Beranek (Dec. 14, 2000), Cuyahoga App. No. 76260.
[5] United States v. Cronic (1984), 466 U.S. 648, 659-661,104 S.Ct. 2039, 80 L.Ed.2d 657.
[6] Id. at 654-655 n. 11, 104 S.Ct. at 2044 n. 11,80 L.Ed.2d at 664-665 n. 11.
[7] R.C. 2929.19(A)(1); accord State v. Bolling (July 19, 2001), Cuyahoga App. No. 78632.
[8] R.C. 2929.19(A)(1).
[9] R.C. 2929.19(B)(1).
[10] Crim.R. 32(B).
[11] R.C. 2929.19(B)(3); Woods v. Telb (2000), 89 Ohio St.3d 504,733 N.E.2d 1103, paragraph two of the syllabus.
[12] R.C. 2929.19(B)(1).