I concur fully in the opinion of this court, and write separately merely to clarify my views concerning Hibbler's Fifth Assignment of Error.
If the matter to which the trial court's attention had been directed on March 30, 2001, when Hibbler appeared with his appointed counsel and the counsel he sought to retain, had been Hibbler's dissatisfaction with his appointed counsel, then, in my view, his proposed new counsel's statement to the court that: "The Defendant has expressed to me some concerns about [appointed counsel]. He indicates that he doesn't want [appointed counsel] to represent him. He's prepared to tell the Court more specifically what those issues are[,]" would have constituted a proffer requiring the trial court to listen while someone, either Hibbler or his counsel, specified the grounds for his dissatisfaction with counsel. Then, if Hibbler had specified sufficient and plausible grounds, the trial court would have had a duty, under State v. Deal (1969),17 Ohio St.2d 17, to conduct an inquiry concerning Hibble's complaint concerning the adequacy of his representation. The defendant must specify the grounds for his dissatisfaction in order to trigger the trial court's duty of inquiry. Obviously, then, if a defendant, expressing dissatisfaction with his counsel, requests the opportunity to address the trial court in order to specify the grounds for that dissatisfaction, then the trial court may not deny him the opportunity to do so.
I am satisfied, however, that at the proceeding in the case before us, the trial court's attention was not sufficiently directed to the issue of Hibble's dissatisfaction with his assigned counsel. The parties were before the trial court on Hibble's motion for a continuance, not upon any motion or request to discharge his assigned counsel. The passage quoted above was offered in the course of explaining why Hibble and his family had made efforts, which had come to fruition a few days before trial, to retain counsel. In this context, the trial court could reasonably have construed the "issues" to which Hibble's proposed retained counsel alluded to have involved nothing more than a comparison of the respective abilities of the two attorneys, or of Hibble's confidence in them, that would not have been flattering to assigned counsel. An unfavorable comparison would not have implicated the adequacy of assigned counsel's representation. An indigent criminal defendant is entitled to competent counsel at the state's expense, not to the best lawyer in his community.[7]
Because the passing reference to Hibble's "issues" with his assigned counsel, in the course of an explanation of Hibble's grounds for moving for a continuance of the trial, did not sufficiently direct the trial court's attention to a claim that Hibble's assigned counsel was not providing, or would not provide, adequate representation, I agree that the trial court had no duty, under State v. Deal, supra, to inquire into that matter. Therefore, I concur in overruling Hibble's Fifth Assignment of Error.
[7] I am referring hypothetically here. I believe Richard Mayhall, the attorney whom Hibble proposed to retain, to be a fine criminal defense lawyer, but the hypothetical reference to "the best lawyer in [Hibble's] community," should not be taken as necessarily endorsing Mr. Mayhall in that capacity.