DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from the Lucas County Court of Common Pleas. There, following a jury trial, appellant was found guilty of aggravated burglary. Because we conclude that the trial court did not abuse its discretion in denying appellant's motions for a continuance or a new trial counsel, we affirm.
 {¶ 2} Appellant, Randy L. Clemons, was indicted on one count of aggravated burglary in violation of R.C. 2911.11(A)(1). The charge arose out of a confrontation between appellant and his ex-girlfriend inside her apartment. Appellant pled not guilty and trial was scheduled. On the day of trial, appellant requested a continuance to review newly acquired materials provided that morning by appellee, the state of Ohio. The documents concerned the state's intent to request an additional indictment based upon evidence of appellant's intimidation of a witness. Specifically, appellant had allegedly threatened the ex-girlfriend in an effort to keep her from testifying against him at trial.
 {¶ 3} When the court denied appellant's motion for a continuance based on surprise, appellant then requested a continuance in order to secure new trial counsel. Noting that appellant had been satisfied with his counsel just the day before during attempted plea negotiations, the court denied appellant's second request for a continuance. Appellant's counsel again renewed the request for a continuance stating that in addition to securing new counsel, appellant wished to reconsider a previous plea offer in exchange for dropping the additional intimidation charge. The court again denied appellant's motion.
 {¶ 4} The case proceeded to trial and the jury found appellant guilty of aggravated burglary. Appellant was sentenced to five years in prison.
 {¶ 5} Appellant now appeals, setting forth the following sole assignment of error:
 {¶ 6} "The guilty verdict should be overturned and the case remanded to the trial court because appellant was denied his sixth amendment right to counsel."
 {¶ 7} Appellant argues that when the trial court denied his request for a continuance to secure new counsel, he was denied his constitutional right to effective assistance of counsel.
 {¶ 8} The granting of a continuance is generally a matter for the trial court's broad discretion, and a refusal of a continuance does not constitute grounds for reversal unless there is an abuse of that discretion. State v. Bayless (1976), 48 Ohio St.2d 73, 101, vacated in part on other grounds by Bayless v. Ohio (1978),438 U.S. 911. An abuse of discretion connotes more than an error of law or of judgment; it implies the court's attitude is unreasonable, arbitrary or unconscionable. Statev. Adams (1980), 62 Ohio St.2d 151, 157. "Whether the court has abused its discretion depends upon the circumstances, `particularly * * * the reasons presented to the trial judge at the time the request is denied.'"State v. Powell (1990), 49 Ohio St.3d 255, 259, quoting Ungar v.Sarafite (1964), 376 U.S. 575, 589.
 {¶ 9} When ruling on a motion to continue, a trial court should consider: (1) the length of the delay requested; (2) whether other continuances have been requested and received; (3) the inconvenience to litigants, witnesses, opposing counsel and the court; (4) whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; (5) whether the defendant contributed to the circumstance which causes the request for a continuance; and, (6) other relevant factors, depending on the unique facts of each case. State v.Unger (1981), 67 Ohio St.2d 65, 67-68. See also, State v. Landrum
(1990), 53 Ohio St.3d 107, 115.
 {¶ 10} "An indigent defendant has no right to have a particular attorney represent him and therefore must demonstrate `good cause' to warrant substitution of counsel." United States v. Iles (C.A.6, 1990),906 F.2d 1122, 1130, quoted in State v. Cowans (1999), 87 Ohio St.3d 68,72. If his complaint is unreasonable, the trial judge may deny the requested substitution. State v. Deal (1969), 17 Ohio St.2d 17, syllabus. In evaluating a request for substitute counsel, the court must balance "the accused's right to counsel of his choice [against] the public's interest in the prompt and efficient administration of justice."United States v. Jennings (C.A.6, 1996), 83 F.3d 145, 148. "The trial court's decision is reviewed under an abuse-of-discretion standard."Cowans, 87 Ohio St.3d at 73, fn. 8.
 {¶ 11} In this case, the state provided discovery concerning the allegations of intimidation, as soon as it became aware of the evidence. Furthermore, the state did not attempt to use such evidence until appellant was made aware of the information. Appellant provided nothing to show that he would be prejudiced in his defense, since the ex-girlfriend had been noted as a potential witness. Moreover, appellant did not indicate any reason for the need for new counsel or that a complete communication breakdown between him and his attorney had occurred. Appellant's counsel indicated only that appellant wanted the continuance to further consider the plea offers and to find new counsel. Therefore, appellant failed to establish any need or reason for a new lawyer. Consequently, we conclude that the trial court did not abuse its discretion in denying appellant's motion for continuance.
 {¶ 12} Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 13} The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Melvin L. Resnick, J., James R. Sherck, J., and Mark L. Pietrykowski,P.J., CONCUR.