[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant, Lark Taylor, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of two counts of rape in violation of R.C. 2907.02(A)(2). For the following reasons, we affirm the judgment of the trial court.
{¶ 3} On November 16, 2001, Taylor was indicted for nine sexually-oriented offenses involving his stepdaughter. In the indictment, the state alleged that Taylor had committed the offenses during the period from May 1998 through June 1999. The indictment contained four counts of rape and five counts of gross sexual imposition. It stated that the victim was under thirteen years of age but did not allege that the offenses were committed with force. Taylor signed waivers of his speedy-trial rights on February 7, 2002, and February 20, 2002.
{¶ 4} On February 21, 2002, the grand jury issued a second indictment. In that indictment, Taylor was alleged to have committed various sexually-oriented offenses against the same stepdaughter during the period from January 1999 through January 2000. The indictment contained four counts of rape, four counts of unlawful sexual conduct with a minor, and three counts of gross sexual imposition. The second indictment stated that the victim was between thirteen and sixteen years of age and that Taylor had committed the rape and gross-sexual-imposition offenses through force or the threat of force.
{¶ 5} On March 6, 2002, Taylor signed waivers of his speedy-trial rights with respect to both indictments. Then, On April 11, 2002, he entered guilty pleas to two counts of rape contained in the second indictment. In exchange for the guilty pleas, the remaining nine counts in the second indictment, and all of the counts in the first indictment, were dismissed. The trial court sentenced Taylor to an agreed term of ten years' incarceration. Taylor now appeals, asserting three assignments of error.
{¶ 6} In his first assignment of error, Taylor argues that the trial court erred in failing to make an inquiry into his motion for new counsel. We find no merit in the assignment. As Taylor concedes, he explicitly withdrew all pending motions when he entered the guilty pleas. At the plea hearing, Taylor did not raise any objection to the performance of his counsel and did not otherwise inform the court that he wished to pursue his efforts to seek new counsel. Thus, the trial court had no duty to inquire about counsel,[1] and the first assignment of error is overruled.
{¶ 7} In his second assignment of error, Taylor contends that the trial court erred in accepting his guilty pleas without ensuring that the pleas were knowingly and voluntarily offered within the meaning of Crim.R. 11. We disagree. Taylor asserts generally that the trial court did not engage in a meaningful colloquy with him and that the colloquy was rushed and contained numerous inaccuracies. Contrary to Taylor's assertions, the trial court did engage in a meaningful colloquy with Taylor and determined that he understood his rights and was voluntarily entering the guilty pleas. Although Taylor notes that the trial court did not inquire about his motion for new counsel, we have already noted that he had withdrawn the motion in conjunction with the entry of the pleas.
{¶ 8} Taylor also complains that the trial court misstated the potential period of post-release control to which he might be subjected. The trial court did incorrectly state that the potential term was three, rather than five, years, but the plea form included the correct term. Taylor indicated that he had reviewed the form with his attorney and that he understood the rights that he was waiving. Moreover, Taylor does not even assert that, had the trial court correctly stated the potential term of post-release control, he would not have entered the pleas. The totality of the circumstances indicates that Taylor understood the implications of his guilty pleas and the rights that he was waiving, and we therefore hold that the trial court substantially complied with Crim.R. 11.[2]
{¶ 9} Finally, Taylor asserts that the trial court failed to explain his rights to an appeal. But, as Taylor concedes, the instant appeal demonstrates that he was not prejudiced by the trial court's alleged omission, and we find no reversible error. The second assignment of error is overruled.
{¶ 10} In his third and final assignment of error, Taylor argues that he was denied the effective assistance of trial counsel. Specifically, he argues that counsel was deficient in failing to file a motion to dismiss the second indictment on speedy-trial grounds. Taylor contends that he did not waive his speedy-trial rights for the second indictment until after the expiration of the two-hundred-seventy-day limit imposed by R.C. 2945.71(C)(2).[3] Central to Taylor's argument is the contention that the speedy-trial time for the second indictment began to run upon his arrest under the first indictment.
{¶ 12} To establish ineffective assistance of counsel, there must be a showing that counsel's performance fell below an objective standard of reasonable representation, and, in addition, that prejudice arose from counsel's performance.[4]
{¶ 13} Here, the record does not support Taylor's claim of ineffective assistance. When additional criminal charges arise from facts distinct from those supporting an original charge, or the state was unaware of the facts giving rise to the new charges at the time of the original charges, the state is not required to bring the accused to trial within the same statutory period applicable to the original charge.[5]
{¶ 14} In the case at bar, the second indictment encompassed different dates and included different charges from those set forth in the first indictment. As we have already noted, the first indictment encompassed the period between May 1998 and January 1999, whereas the second indictment related to the period from January 1999 through January 2000. The second indictment alleged that the rape and gross-sexual-imposition offenses were committed with force and included allegations of unlawful sexual conduct with a minor. The two indictments were thus factually distinct, and Taylor has not cited any material in the record to suggest that the state was aware of the later offenses at the time the first indictment was issued. We therefore hold that Baker is controlling authority. The third assignment of error is overruled, and the judgment of the trial court is affirmed.
{¶ 15} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Hildebrandt and Gorman, JJ.
[1] See State v. Deal (1969), 17 Ohio St.2d 17, 244 N.E.2d 742, syllabus (trial court's duty to inquire about motion for new counsel arises upon defendant's raising specific objections).
[2] See State v. Scruggs (Apr. 30, 2001), 12th Dist. No. CA2000-05-094, jurisdictional motion overruled (2002), 94 Ohio St.3d 1433,761 N.E.2d 48 (trial court's inaccurate statement about post-release control did not vitiate voluntariness of plea, where written plea agreement contained the accurate information and where there was no showing that the inaccurate explanation influenced the decision to plead guilty).
[3] It is undisputed that Taylor was confined for the entire relevant period and therefore entitled to three days' credit under the speedy-trial statute for each day of confinement. See R.C. 2945.71(E).
[4] Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus.
[5] See State v. Baker (1997), 78 Ohio St.3d 108, 112,676 N.E.2d 883.