OPINION
{¶ 1} Defendant was indicted on one count of aggravated burglary, R.C. 2911.11(A)(1), one count of aggravated robbery, R.C. 2911.01, two counts of kidnapping, R.C. 2905.01, and one count of tampering with evidence, R.C. 2921.12. A three year firearm specification was attached to all charges except tampering with evidence. Pursuant to a plea agreement, Defendant entered a guilty plea to the aggravated burglary charge and the State recommended a seven year sentence plus the mandatory three years on the firearm specification. In exchange, the State dismissed the other pending charges. The trial court accepted Defendant's guilty plea and sentenced him to seven years for aggravated burglary plus a consecutive three year term for the firearm specification.
 {¶ 2} Defendant has timely appealed to this court from his conviction and sentence.
ASSIGNMENT OF ERROR
 {¶ 3} "The trial court erred in failing to conduct a proper hearing with respect to appellant's allegations of defense counsel's ineffective assistance rendering appellant's plea involuntary."
 {¶ 4} During the plea proceedings the trial court asked Defendant if he was satisfied with his counsel's efforts on his behalf. Defendant replied "no," whereupon the court inquired, "What's the problem?" (T. 10). Defendant explained that he believed he was "getting too much (prison) time in this case," and that his "didn't fight the best he could." Defendant contends on appeal that the trial court should have questioned him more fully about his complaint concerning his counsel's ineffectiveness. Defendant argues that the court's failure to do that rendered his guilty plea involuntary and therefore constitutionally deficient.
 {¶ 5} Crim.R. 11(C) governs such plea proceedings. It does not provide for an inquiry whether a defendant is satisfied with his attorney, but good practice supports it. With respect to the issues he raises, we believe that Defendant's real contention was that his attorney had provided ineffective assistance. The trial court's response to that is guided by the tenets of that doctrine.
 {¶ 6} In order to demonstrate ineffective assistance of trial counsel, Defendant must demonstrate that counsel's performance was deficient and fell below an objective standard of reasonable representation, and that Defendant was prejudiced by counsel's performance; that is, there exists a reasonable probability that but for counsel's unprofessional errors, the result of Defendant's trial or proceeding would have been different.Strickland v. Washington (1984), 466 U.S. 668; State v.Bradley (1989), 42 Ohio St.3d 136.
 {¶ 7} The trial court had a duty to inquire into Defendant's complaint about his counsel's performance and make that inquiry a part of the record. State v. Deal (1969), 17 Ohio St.2d 17. That was clearly done here.
 {¶ 8} The trial court allowed Defendant to elaborate and explain the basis for his complaints. This record demonstrates that the crux of Defendant's complaint is his belief that counsel should have negotiated a more favorable plea deal for him that involved less prison time. However, Defendant acknowledged to the trial court that his counsel "did what he could," and that Defendant was doing what he thought was best for him by accepting the State's plea offer. Upon hearing Defendant's complaints the trial court made the following assertion and inquiry:
 {¶ 9} ". . . You're really saying, I think, and you correct me after I get done if I'm wrong. But you're saying yes, I understand his advice as counsel, his competence. I understand that those are all okay. The only thing is I don't agree with what I hear as being the law and being what I should do and what I should go through in this particular case. Now, I choose to decide that for myself as opposed to taking any advice that he got. Is that correct?" (T. 13).
 {¶ 10} Appellant replied in the affirmative to the Court's question. (T. 13).
 {¶ 11} The prosecutor noted on the record that based on the original charges Defendant faced twenty-five to thirty years in prison, that the initial plea offer contemplated fifteen years in prison, and that defense counsel had made exhaustive plea bargaining efforts on Defendant's behalf that resulted in a greatly reduced prison sentence. Defense counsel stated on the record that he got the best plea deal for Defendant that he could.
 {¶ 12} As a result of defense counsel's persistent efforts, five felony charges, four of which were first degree felonies, were reduced down to one, and Defendant's potential prison time was reduced from thirty or more years to ten. No deficient performance by defense counsel has been demonstrated. Furthermore, this record demonstrates that in accepting Defendant's guilty plea the trial court substantially complied with Crim.R. 11(C)(2), and that Defendant subjectively understood the implications of his plea and the rights he was waiving.State v. Nero (1990), 56 Ohio St.3d 106. Defendant's plea was entered knowingly, intelligently and voluntarily.
 {¶ 13} The assignment of error is overruled. The judgment of the trial court will be affirmed.
Donovan, J. And Young, J., concur.
Hon. Frederick N. Young, Retired from the Court of Appeals, Second District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.