OPINION
{¶ 1} This is the second appeal in this cause.
 {¶ 2} The prior appeals were rendered in appellate case number CT2003-0029.
 {¶ 3} In the last appeal this Court stated:
 {¶ 4} "Based on the foregoing, we are compelled to remand this assigned error to the trial court for further inquiry on the record of appellant's claim of unsatisfactory counsel, over and above any issues which have already been addressed either in the present appeal or in Jordan I. If the trial court finds the claim is unfounded, the trial court may re-enter the judgment and sentence. Accord State v. Murphy (Feb. 22, 2000), Richland App. No. 99CA48."
 {¶ 5} Subsequent to the remand, Appellant was returned from incarceration on December 12, 2005, for a hearing.
 {¶ 6} Appellant's appellate counsel was notified on such date by the bailiff due to his name appearing on the case file but without instructions to do so from the court. (T. at 5).
 {¶ 7} Upon conclusion of the hearing, the court determined that Appellant's claim as to his prior counsel had no merit and the prior sentence was reimposed.
 {¶ 8} Appellant raises four Assignments of Error:ASSIGNMENTS OF ERROR
 {¶ 9} "I. THE TRIAL COURT ERRED IN PROCEEDING WITH A HEARING WHEN APPELLANT WAS DENIED THE RIGHT TO COUNSEL AND NO VOLUNTARY WAIVER WAS MADE FOR COUNSEL.
 {¶ 10} "II. THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO PROCEDURAL DUE PROCESS BY SCHEDULING A HEARING WITHOUT NOTICE AND GIVING A MEANINGFUL OPPORTUNITY TO DEFEND.
 {¶ 11} "III. THE COURT ERRED IN CONDUCTING A HEARING WITHOUT COUNSEL AND WITHOUT SWORN TESTIMONY.
 {¶ 12} "IV. THE TRIAL COURT ERRED IN DENYING A REQUEST FOR A NEW TRIAL BY FINDING THAT APPELLANT'S CLAIM OF UNSATISFACTORY COUNSEL IS UNFOUNDED."
 I, II, III, IV {¶ 13} We shall address all four assignments simultaneously as each are related to the remand from this Court.
 {¶ 14} The intended purpose of the remand was an inquiry into the reasons for the statement by Appellant as to desiring to fire his trial counsel, Mr. Treneff, at the conclusion of the first day of trial.
 {¶ 15} The remand relied on State v. Murphy (Feb. 22, 2000), Richland App. No. 99CA48.
 {¶ 16} In the preceding appeal, in such case, as in the case sub judice, no reasons were given to provide on the record a basis for the Appellant's desire to fire his counsel. With the record being devoid of sufficient inquiry, this court could not determine either that the request was reasonable or that Constitutional grounds were present.
 {¶ 17} This Court in State v. Murphy, supra, and in the prior appeal herein, relied on State v. Deal (1969),17 Ohio St.2d 17. In the prior appeal, we did not and could not, from the state of the record, determine the appropriateness of the court's denial.
 {¶ 18} At the hearing on remand, the court attempted to re-create the status as it existed on March 19, 2003, by advising of the various aspects of pro-se representation rather than obtaining for the record the reasons for the statement made at such time by Appellant.
 {¶ 19} This was not a hearing of an adversarial nature under the remand where Appellant was Constitutionally entitled to counsel as asserted by the First Assignment, nor was there an issue requiring the opportunity to defend as raised by the Second Assignment, nor was sworn testimony required. Since the hearing was for explanatory purposes only, as to the request to fire his trial counsel and had not reached the issue of proceeding pro-se, adequate notice was provided.
 {¶ 20} Appellant made the request at the conclusion of the first day of the two-day trial.
 {¶ 21} The explanation of Appellant was that he and Mr. Treneff were not getting along and that such attorney was not coming to see him. (T. at 11).
 {¶ 22} A similar request as to dissatisfaction with counsel occurred in State v. McNeill (1998), 83 Ohio St.3d 438, an aggravated murder case resulting in a death sentence, the defendant requested replacement counsel after the jury was impaneled. Similar claims as to lack of communication and visits from his attorney were made among other complaints.
 {¶ 23} The Ohio Supreme Court did not accept such reasons at that stage of the trial proceedings stating that the timing suggested that it was made for purposes of delay.
 {¶ 24} The court, in the hearing on remand, found the Appellant's request to be unreasonable.
 {¶ 25} As the record is now sufficient for a review by this court, we must apply the standard of abuse of discretion.
 {¶ 26} "In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 27} Upon review of the record, and based on the foregoing, we find no abuse of discretion.
 {¶ 28} Each of the four Assignments of Error is rejected.
 {¶ 29} Therefore, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed at Appellant's costs.
Boggins, J. Hoffman, P.J. Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.
Costs to Appellant.