OPINION
{¶ 1} Appellant, April D. Thomas-Kuhns, appeals from the January 10, 2006 judgment entry of the Portage County Court of Common Pleas, in which she was sentenced for burglary.
 {¶ 2} Appellant was indicted on September 23, 2005 for aggravated burglary in violation of R.C. 2911.11(A)(1)(B). On November 18, 2005, appellant and her appointed counsel appeared before the court for the purpose of accepting a plea offer *Page 2 
from appellee, the state of Ohio. However, prior to the hearing, appellant advised counsel of her desire to reject the state's offer and interest in obtaining new counsel.
 {¶ 3} At the outset of the hearing, counsel addressed the court and communicated appellant's positions. Counsel noted he had advised appellant of the risks of rejecting the offer, including the possibility of the state filing additional charges in light of certain newly discovered evidence. Counsel then moved the court to allow him to withdraw as counsel of record because he believed he could no longer effectively represent her due to a communication breakdown. The court denied both requests and adjourned.
 {¶ 4} Later that morning, appellant entered a written plea of guilty to a reduced charge of burglary in violation of R.C. 2911.12(A)(1), (2)(c), a felony of the second degree. The trial court accepted appellant's plea and referred the matter to the Adult Probation Department for a pre-sentence investigation. On January 10, 2006, the trial court sentenced appellant to a term of six years incarceration and ordered her to pay a fine in the amount $250 plus court costs. Appellant now appeals and asserts three assignments of error for our review:
 {¶ 5} "[1.] [Appellant] was denied the effective representation of counsel.
 {¶ 6} "[2.] [Appellant's] sentence is not supported by the record and is contrary to law because the court failed to make the finding that imposing the minimum sentence would demean the seriousness of the offense as required by [R.C] 2929.14(B).
 {¶ 7} "[3.] The trial court erred to [appellant's] prejudice by imposing more than the minimum sentence." *Page 3 
 {¶ 8} In her first assignment of error, appellant argues she was denied the effective assistance of counsel because the court failed to inquire into her concerns regarding her trial counsel after: (1) the court was made aware of her desire to retain new counsel and (2) counsel stated he did not believe he was able to effectively represent her due to a breakdown in communications. In appellant's view, the court's failure to inquire into the adequacy of counsel's representation rendered counsel's assistance ineffective and her ultimate plea invalid.
 {¶ 9} Although appellant styles her first assignment of error as an ineffective assistance claim, it appears that she is actually alleging that the trial court erred by refusing to let her address the court.
 {¶ 10} At the beginning of the November 18, 2005 hearing, the following exchange took place:
 {¶ 11} "[DEFENSE COUNSEL]: May it please the Court. Your Honor, we originally had a plea agreement worked out and we set the matter for this morning. My client now informs me that she will not be entering a plea this morning. Further, she informed me she wants new counsel. I have informed her of the events that have taken place in the trial in this case this week, with new evidence and new witnesses that have surfaced. I've indicated to her what the evidence would be presented against her. I've also indicated that there is a strong likelihood of additional charges being brought by the Prosecutor; potentially, tampering with evidence, which is a felony of the third degree, obstructing justice and other matters. She's informed me that she understands that, she would wish new counsel. I would ask to withdrawal [sic] as Attorney of record. I don't believe that I can effectively represent her anymore, given the communications. *Page 4 
Further, if the Court does not allow me to withdrawal [sic], I ask for a continuance of the trial to better prepare for the charges forthcoming from the Prosecutor's office.
 {¶ 12} "THE COURT: Mr. Muldowney.
 {¶ 13} "[PROSECUTOR]: Your Honor, it's incredible to me that the Defendant is rejecting the offer, which I was very reluctant to make the Defendant in this matter. I have in my hand a letter that she wrote to her alibi witness, telling her in detail what to say during the trial. And we're going to follow-up with the investigation and investigating this, and if additional charges are appropriate, they will be presented to the Grand Jury.
 {¶ 14} "THE COURT: They will be tried separate from the case that's set for Tuesday?
 {¶ 15} "[PROSECUTOR]: Yes, Your Honor. We're prepared to go forward on Tuesday. And in so much as the Defendant has rejected the State's offer and is not going to take it today, it will be withdrawn.
 {¶ 16} "DEFENDANT: May I speak?
 {¶ 17} "THE COURT: No, ma'am. Not at this time. What I'm going to do, because this is set for jury trial on Tuesday, we cleared our docket specifically for this case, I'm going to require that it go forward. And, again, Mr. Muldowney is pulling the offer off the table as of now or today?
 {¶ 18} "[PROSECUTOR]: Well, if she doesn't take the plea this morning, it's going to be off.
 {¶ 19} "THE COURT: It's off the table. As long as you know that, ma'am. Mr. Breiding, I'm not going to allow you to withdraw as counsel of record. You are *Page 5 
appointed on this case. You know, you are a very good Attorney and there is no reason for you to withdrawal [sic] on this matter. * * *"
 {¶ 20} In the instant matter, we agree with appellant's reliance uponState v. Deal (1969), 17 Ohio St.2d 17. In Deal, the Supreme Court of Ohio held that "[w]here, during the course of [a defendant's] trial for a serious crime, an indigent accused questions the effectiveness and adequacy of assigned counsel * * * it is the duty of the trial judge to inquire into the complaint and make such inquiry a part of the record." Id. at syllabus. Here, it is clear from the plea colloquy at issue that appellant was denied her right to speak. The trial judge failed to inquire into the nature of the breakdown between appellant and her appointed counsel.
 {¶ 21} Accordingly, appellant's first assignment of error is with merit.
 {¶ 22} In her second assignment of error, appellant contends that her sentence is contrary to law because the trial court failed to make findings under R.C. 2929.14(B) to support its imposition of a six year term of imprisonment.
 {¶ 23} In her third assignment of error, appellant appears to challenge the remedy announced under State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. In particular, appellant asserts Foster violates the Due Process Clause and the prohibition against ex post facto laws contained in the United States Constitution. Appellant additionally argues thatFoster fundamentally violates the rule of lenity.
 {¶ 24} Based on our determination of appellant's first assignment of error, her second and third assignments of error are moot.
 {¶ 25} For the foregoing reasons, appellant's first assignment of error is well-taken. Appellant's second and third assignments of error are moot. The judgment of *Page 6 
the Portage County Court of Common Pleas is reversed and the matter is remanded for further proceedings consistent with this opinion.
DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion, CYNTHIA WESTCOTT RICE, P.J., dissents with Dissenting Opinion.