{¶ 28} I disagree with the majority's resolution of appellant's first assignment of error and therefore dissent.
 {¶ 29} Once a guilty plea is entered and a judgment is rendered on the basis of that guilty plea, the ability to challenge the judgment on appeal is severely limited. In particular, a party who has entered a guilty plea may appeal: (1) a lack of subject matter jurisdiction of the court; or (2) the lack of a knowing, voluntary, and intelligent plea required by Crim.R. 11. See State v. Fitzgerald, 102 Ohio St.3d 321,2004-Ohio-3167, ¶ 78; see, also, State v. Kiddy (Nov. 30, 1990), 11th Dist. No. 89-P-2107, 1990 Ohio App. LEXIS 5248, *9-*10. "As a result, if a criminal defendant admits [her] guilt in open court, [she] waives the right to challenge the propriety of any action taken by the court or counsel prior to that point in the proceeding unless it affected the knowing and voluntary character of the plea." State v. Haynes (Mar. 3, 1995), 11th Dist. No. 93-T-4911, 1995 Ohio App. LEXIS 780, *4. *Page 8 
 {¶ 30} Here, appellant neither charges nor do we discern anything in the record affecting the knowing and voluntary character of the plea. As the issue of the trial court's refusal to allow appellant to air her grievances on record involves a challenge to the propriety of the court's action prior to admitting her guilt, it was therefore waived.
 {¶ 31} Waiver aside, I have concerns with the substantive foundation of the majority opinion. I take particular issue with the conclusion that the trial court's failure to inquire violated a vested right possessed by appellant. To be sure, a defendant has certain allocution rights at a plea hearing. See Crim.R. 11. However, appellant wasnot denied any such rights. The trial court's instruction to appellant that she could not speak occurred during a hearing whichpreceded her plea hearing. The record is clear that appellant was not silenced during her plea colloquy: The court thoroughly and scrupulously apprised appellant of her rights pursuant to Crim.R. 11 during which appellant represented she accepted the plea offer knowingly, intelligently, and voluntarily. Appellant was afforded the opportunity to address the court regarding the rights she was giving up and any other lingering concerns relating to her acceptance of the plea. I believe if appellant had any problems regarding the purported "communication breakdown" she experienced with her attorney, she had an affirmative obligation to address them to the court during the actual plea colloquy. She did not do so. Given the record, it is clear that the alleged "breakdown" was amicably resolved prior to appellant's entry of her guilty plea.
 {¶ 32} Furthermore, I do not believe the Supreme Court's holding inState v. Deal (1969), 17 Ohio St.2d 17 applies to the facts before this court. In Deal, the indigent defendant ("Deal") was charged on three counts of armed robbery. After the state *Page 9 
rested, Deal attempted to discharge his attorney. The trial court provided Deal an opportunity to place his complaint on the record, whereupon Deal asserted defense counsel failed to subpoena witnesses and failed to set forth an alibi defense. The trial court determined Deal's complaint was unreasonably late and proceeded with trial. The court asked Deal if he had any witnesses or wished to testify. Deal indicated he had witnesses, but they were not present and he would not consider testifying as long as he was represented by his current counsel. Deal was convicted and the appellate court affirmed the conviction.
 {¶ 33} After accepting jurisdiction over the matter, the Supreme Court observed that it was impossible to determine if Deal was adequately represented because the record was silent concerning any indication why witnesses were not called or why no alibi defense was used. The court stated "in the circumstances of this case, it was the duty of the trial court to see that the record contained an adequate investigation of appellant's complaint." Id. at 19. The Court stated that such a record could be made by asking Deal's counsel why he had not filed a notice of alibi or subpoenaed Deal's witnesses. The court expounded:
 {¶ 34} "Having `discharged' his counsel, appellant had no legal advice when he most needed it to assure that the record would show something indicative of incompetence beyond the mere fact that a defense had not been used. In these circumstances, we think it was the trial court's duty to put its own investigation of such an objection into the record, and thus prevent appellant from being deprived of review on the matter. In other words, before continuing with the trial the court should have *Page 10 
made it clear in the record whether the appellant's action was an arbitrary failure to go forward or a legitimate claim of inadequate representation." Id. at 19-20.
 {¶ 35} The Court reversed Deal's conviction and remanded the matter for a reinvestigation on the record of Deal's claims with instructions that if the claim were unfounded, the court could re-enter the judgment of conviction.
 {¶ 36} While Deal does establish a duty to inquire, the holding was premised upon particularized allegations of ineffectiveness which arose in a trial setting. Here, appellant made no specific allegation that defense counsel was inadequate or ineffective. Appellant, at a pretrial hearing and through defense counsel, stated she wished to have a new attorney appointed. Such a statement is not tantamount to an allegation of inadequacy, but an expression of preference. While the constitution affords an indigent defendant a right to competent counsel, a defendant is not entitled to the advocate of her choice or one with whom she can share a meaningful relationship. See Morris v. Slappy (1983),461 U.S. 1, 13.
 {¶ 37} With this in mind, the only record discussion of counsel's effectiveness occurred when defense counsel sought to withdraw. Counsel asked the court permission to withdraw because he did not believe he could effectively represent appellant in light of purported communication problems they were experiencing. An allegation of ineffectiveness requires actual deficiencies in performance and some resulting prejudice. Counsel's assertions are expressive of doubts he had as to his future abilities to represent appellant effectively given their so-called communication problems. Without a true allegation into counsel's inadequacy, no Deal inquiry is triggered. *Page 11 
 {¶ 38} The duty to inquire established in Deal is not absolute and does not exist in a vacuum. Under the circumstances, I do not see how an inquiry by the court would have had any impact upon appellant's knowing and voluntary decision to plea. I fail to see the connection between the court's failure to specifically consult appellant as to why she wanted new counsel and the volitional components legally necessary to meaningfully accept a plea offer. After it was made clear in open court that the prosecutor intended to file additional charges as well as retract the plea offer unless appellant accepted it that morning, appellant accepted the offer. Once appellant knowingly and voluntarily accepted the plea, her alleged concerns were of no consequence. In short, I believe Deal simply does not apply to the facts before this court.
 {¶ 39} Finally, because the majority opinion requires a trial court to indulge a criminal defendant whenever or wherever she desires to speak, the accused now possesses the carte blanche to control the flow of the proceedings whenever he or she wishes. It goes without saying that such a result will create significant mischief in the effective administration of criminal justice. While a criminal defendant is entitled to address the court, he or she should be required to do so within the structure of the procedures the law provides. Under the majority's ruling, if a criminal defendant wants to talk on record, regardless of the forum or the nature of the proceedings, the trial court better listen.
 {¶ 40} I believe the foundation upon which the majority opinion rests is faulty and numerous problems, both practical and theoretical, will likely result from its implementation. I therefore dissent. *Page 1