[Cite as *State v. Schaumleffel*, 2026-Ohio-843.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 2025 CA 00058 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Licking County Municipal Court, Case No. 24 TRC 08345 |
| JASON SCHAUMLEFFEL, | Judgment:   Affirmed |
| Defendant – Appellant | Date of Judgment Entry:  March 12, 2026 |

**BEFORE:** Craig R. Baldwin; Robert G. Montgomery; Kevin W. Popham, Judges

**APPEARANCES:** J. MICHAEL KING, for Plaintiff-Appellee; CHRIS BRIGDON, for Defendant-Appellant.

*Montgomery, J.*

**{¶1}** Defendant/Appellant, James Schaumleffel ("Appellant"), states he was denied his right to effective counsel when the trial court denied his lawyer's motion to withdraw during the pendency of the case. We disagree.

**STATEMENT OF THE FACTS AND THE CASE**

**{¶2}** Appellant was stopped by Granville police on September 24, 2024, and charged with one count of OVI in violation of R.C. 4511.19(A)(1)(a) and one count of OVI in violation of R.C. 4511.19(A)(1)(d). He entered pleas of not guilty to the two counts and the trial court appointed Attorney Zach Meranda to represent him. Less than two months

after his appointment, Attorney Meranda filed a Motion to Withdraw as Counsel of record citing "irreparable breakdown in the attorney-client communication." The trial court granted Attorney Meranda's motion and appointed Attorney J. Matthew Dawson to represent Appellant.

{¶3} Attorney Dawson filed a Motion to Suppress with the trial court and an oral hearing was held. The trial court granted in part and denied in part Appellant's motion.

{¶4} Following the trial court's decision on Appellant's Motion to Suppress, Appellant sent two ex parte letters to the judge and two requests for continuances. These letters expressed Appellant's concerns he had with his lawyer and the case in general.

{¶5} Attorney Dawson filed a Motion to Withdraw as Counsel and the trial court held an oral hearing on July 10, 2025.

{¶6} The trial court denied Attorney Dawson's Motion to Withdraw finding that Appellant was not dissatisfied. *Transcript*, p. 8.

{¶7} The case proceeded to a jury trial on July 21, 2025, wherein Appellant was found guilty of OVI in violation of R.C. 4511.19(A)(1)(d). *Judgment Entry of Conviction,* p. 1.

### ASSIGNMENTS OF ERROR

{¶8} Appellant filed an appeal and asserts the following assignments of error:

{¶9} "I.     DENIAL OF COUNSEL'S MOTION TO WITHDRAW AFTER STATING HE COULD NOT EFFECTIVELY REPRESENT DEFENDANT VIOLATED THE SIXTH AMENDMENT."

**{¶10}** "II.     COUNSEL WAS INEFFECTIVE AT TRIAL WHERE HE INFORMED THE COURT HE COULD NOT REPRESENT APPELLANT TO THE BEST OF HIS ABILITY AND THE COURT FORCED HIM TO PROCEED."

## STANDARD OF REVIEW

**{¶11}** A trial court's decision on whether to grant motions to withdraw as counsel is reviewed under an abuse-of-discretion standard. *State v. Williams*, 99 Ohio St.3d 493, 2003-Ohio-4396, ¶ 135. A trial court's decision on substitution of counsel is fact specific, and a reviewing court may reverse only for an abuse of discretion. *Id.*

## ANALYSIS

**{¶12}** Appellant argues in his first assignment of error that the trial court violated his rights under the Sixth Amendment when it denied his counsel's motion to withdraw. We disagree.

**{¶13}** In the case at hand, Attorney Dawson filed a motion requesting permission to withdraw and the court set the matter for an oral hearing. Attorney Dawson referenced letters Appellant sent to the trial court that criticized his performance at a suppression hearing. *Transcript,* p. 2. Attorney Dawson told the court, "I don't believe, your honor, that I can represent him after all this has occurred." *Id.* Attorney Dawson also stated, "I don't think that I can do my best in representation of him because there's no trust." *Id.*, p. 5. Attorney Dawson was also fearful that Appellant would file a grievance against him. *Id.*

**{¶14}** When the trial court questioned Appellant, he stated, "It's not that I don't trust Mr. Dawson." *Id.*, pp. 6, 7. He further stated, "I guess my only complaint was I hadn't been able to reach him for several weeks." *Id.* Appellant described Attorney Dawson as

amazing, compassionate, knew the law and wanted Attorney Dawson to represent him at his upcoming trial. *Id.*

**{¶15}** Appellant argues that when counsel places his inability to proceed on the record, the trial court must either allow the withdrawal or conduct an inquiry to ensure that the defendant's right to counsel is protected. *Appellant Brief*, p. 5. Appellant cites *State v. Deal*, 17 Ohio St.2d 17 (1969), as authority for his argument. The facts of the case in *Deal*, are distinguishable from the facts of the case at hand. In *Deal,* it was the defendant who raised the issue with the court that he was dissatisfied with his counsel. In the case at hand, Appellant wrote ex parte letters to the court that criticized Attorney Dawson's performance but did not file a motion with the court requesting new counsel.

**{¶16}** Since it was Attorney Dawson who requested that he be discharged, not Appellant stating he was dissatisfied, the trial court was not required to inquire into the circumstances surrounding Attorney Dawson's request. "The need for an inquiry by the trial judge into the circumstances surrounding a request to discharge appointed counsel and appoint substitute counsel will not be recognized where the defendant has not evidenced his dissatisfaction or wish to remove his appointed counsel." *United States v. Iles*, 906 F.2d 1122, 1131 (6th Cir. 1990).

**{¶17}** Having reviewed the record, even though not required to do so, this Court finds that the trial court conducted an inquiry of Attorney Dawson regarding his reasons for filing his request. The trial court then let Appellant speak to Attorney Dawson's concerns. Appellant informed the trial court that he was not dissatisfied and wished for Attorney Dawson to continue to represent him.

**{¶18}** Appellant has failed to show that his Sixth Amendment rights were violated or that the trial court abused its discretion when it denied Attorney Dawson's Motion to Withdraw.

**{¶19}** Appellant's first assignment of error is overruled.

**{¶20}** Appellant argues in his second assignment of error that Attorney Dawson was ineffective at trial because he informed the court that he could not represent Appellant to the best of his ability.

**{¶21}** As previously stated by this Court under a similar argument, "To obtain a reversal of a conviction based on ineffective assistance of counsel, the defendant must prove; (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." *State v. Gray*, 2024-Ohio-347, ¶ 17 (5th Dist.), citing *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). "A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other." *Id.*

**{¶22}** Appellant's sole argument is that Attorney Dawson was ineffective because he expressed concern to the trial court on whether or not he would be able to represent Appellant to the best of his ability. Appellant asserts, "Once counsel informs the court that he cannot ethically or competently represent the defendant, the constitutional right to effective assistance is implicated as a matter of law." *Appellant Brief*, p. 7.

**{¶23}** Appellant has failed to cite a single case that supports his argument. Appellant has also failed to cite a single circumstance where Attorney Dawson's performance fell below an objective standard.

**{¶24}** Appellant has failed to prove that Attorney Dawson's performance fell below an objective standard and therefore his second assignment of error is overruled.

## CONCLUSION

**{¶25}** For the reasons stated in our accompanying Opinion, the judgment of the Licking County Municipal Court is Affirmed.

**{¶26}** Costs to Appellant.

By: Montgomery, J.

Baldwin, P.J. and

Popham, J. concur.