**[Cite as *State v. Harrison*, 2011-Ohio-3258.]**

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.   95666

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LORENZO HARRISON

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-513945

**BEFORE:**   E. Gallagher, J., Sweeney, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:**   June 30, 2011

**ATTORNEY FOR APPELLANT**

David L. Doughten
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, Ohio   44103

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Mary McGrath
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, J.:

{¶ 1} Lorenzo Harrison appeals from the decision of the trial court, denying his pro se request for new counsel.   Harrison argues the trial court failed to follow the mandates issued by this court in *State v. Harrison*, Cuyahoga App. No. 93132, 2010-Ohio-2778.   In particular, Harrison argues the trial court erred in failing to hold a full and fair hearing and in failing to

appoint new counsel for the hearing on remand. For the following reasons, we affirm the decision of the trial court.

{¶ 2} On June 17, 2010, this Court announced its opinion in *Harrison*. The facts in *Harrison* are as follows:

"I. Procedural History

In August 2008, Harrison was indicted on ten counts of rape, each with a furthermore clause that he purposely compelled the victim to submit by force or threat of force, a furthermore clause that the victim was under ten years of age, a notice of prior conviction, and a repeat violent offender specification. Harrison was also indicted on ten counts of kidnapping, each with a sexual motivation specification, notice of prior conviction, and repeat violent offender specification.

Two of the rapes (Counts 1 and 2) and kidnappings (Counts 3 and 4) were alleged to have occurred between August 1, 2005 and January 15, 2006. Four of the rapes (Counts 5-8) and kidnappings (Counts 9-12) were alleged to have occurred between February 1, 2006 and August 1, 2006. The remaining rapes (Counts 13-16) and kidnappings (Counts 17-20) were alleged to have occurred between August 2, 2006 and June 1, 2007. The sole alleged victim was R.A.

A bill of particulars delineated that the charges set forth in Counts 1-4 occurred at a Columbia Avenue, Cleveland home; the charges set forth in Counts 5-12 occurred at an East 106th Street, Cleveland apartment; and the remaining charges set forth in Counts 13-20 occurred at a Woodside Avenue, Cleveland apartment.

After a psychiatric evaluation was performed on Harrison, the case was placed on the common pleas court's mental health court docket.

The repeat violent offender specifications and notices of prior conviction were bifurcated from the underlying charges and tried to the court. On the day of trial, Harrison made an oral motion to excuse his assistant public defender, but the court summarily denied his request. Counts 13-20 were dismissed at the close of the state's case

pursuant to the defense's Crim.R. 29 motion. The defense did not present any evidence.

The jury found Harrison guilty of the following: Count 1, rape, and Count 3, kidnapping (at the Columbia Avenue address); Count 5, rape, Count 8, rape, Count 9, kidnapping, and Count 12, kidnapping (at the East 106th address). Harrison was also found guilty of the notices and specifications attendant to Counts 1, 3, 5, 8, 9, and 12. He was acquitted of the remaining charges.

The trial court sentenced him to a life term for the rape counts, to be served concurrently to ten-year sentences for the kidnapping convictions.

## II. Trial Testimony

The victim, R.A., testified that she and her mother lived in Cleveland with Harrison at three different residences; she had previously lived with her Aunt Evelyn in Detroit. She stated that Harrison anally raped her on seven different occasions during the time she lived with him. R.A. testified that the incidents occurred while her mother was at work and R.A. was at home with Harrison. After the last time that Harrison raped R.A., he told her that what he had done was wrong and he was going to stop.

R.A. testified that she once told her mother about the rapes, but her mother did not do anything. Her mother admitted that R.A. had told her about Harrison's conduct and that she did not do anything because she loved Harrison, did not want to see him get in trouble, and did not believe R.A. She continued to leave R.A. alone with Harrison after R.A.'s disclosure.

The trial testimony also revealed that R.A.'s mother and Harrison had a tumultuous relationship that involved drinking and physical violence. R.A.'s mother eventually tired of the relationship, and she and R.A. moved to their hometown of Detroit. Shortly after the move, R.A. told her Aunt Evelyn of the rapes; Evelyn immediately contacted the Cleveland police.

A medical exam was conducted on R.A. two months after the last rape; no evidence of sexual conduct was noted."

Id.

{¶ 3}  In its opinion, this court overruled Harrison's objections to the jury panel, his claim of ineffective assistance of counsel, his challenge to the weight of evidence supporting his convictions, and Harrison's argument that his waiver of the right to testify was not knowingly, intelligently, or voluntarily given.  Id.  However, this court found merit to Harrison's fourth assignment of error, in which he argued that the trial court erred in denying his request to dismiss his counsel without investigation into the grounds for the request.

> "Just prior to voir dire, Harrison asked for replacement counsel, to which the court responded, '[t]hat request is denied.'  Trial then commenced.
>
> At sentencing, Harrison raised the issue of his request for replacement counsel and stated that he felt as if he had been 'railroaded' by the court and counsel.  Defense counsel stated, 'I don't want to get into a discussion with Mr. Harrison about the issues he raised.  We do have a – I just don't want to do that on the record.'  The assistant prosecutor responded, 'Your Honor, if I may for the record just point out that at no point during the four days of trial did the defendant state he was not being properly represented, he never brought anything forward to the court, so I would just like to state that for the record.'"

Id.

{¶ 4}  In *Harrison*, this court found error with the trial court's summary dismissal of Harrison's request for replacement counsel without permitting him to explain his reasons for the request.  Based on the

authority from Ohio case law, this Court remanded the case to the trial court "for the limited purpose of inquiring into Harrison's allegations, with instructions to re-enter the judgment of conviction if the allegations are unfounded." Id.

{¶ 5} On August 20, 2010, the trial court conducted a hearing pursuant to this court's order of remand. The trial court provided Harrison with the opportunity to explain why he wanted another lawyer. Harrison stated that counsel told his family that he thought Harrison was guilty and that it was only his job to get the best plea bargain for him, and that counsel would not call or speak to any of Harrison's witnesses. Harrison further stated that counsel refused to acquire police reports that would show that he was evicting R.A. and her mother from his residence and that they did not leave on their own.

{¶ 6} In response, defense counsel explained that Harrison did claim that a lot of people lived in the house when these alleged incidents occurred and that any number of those individuals could have been an alibi witness. Defense counsel stated that he did attempt to locate an alibi witness, however, because the allegations happened over multiple years and at least three separate locations, counsel was unable to pinpoint the days when other people were present. Counsel also stated that he did not recall anything

about the police reports Harrison mentioned.

{¶ 7} In response to the court's questions, trial counsel stated that he did speak with Harrison's family and that he always leaves the decision to go to trial to the client. Counsel stated that he believed the plea bargain offer was a good offer, but he never said Harrison had to take the deal. In fact, Harrison elected to proceed to a jury trial.

{¶ 8} Harrison next complained that the trial court never asked him or let him proceed with his own counsel; rather the court subjected him to the public defender. Harrison admitted that the first time he told the court he was bringing in paid counsel was on the date of trial, with a jury waiting to proceed. Additionally, Harrison admitted to filing numerous pro se motions with the court, but that he never told the court of his new counsel because he did not have the opportunity. The trial court fund Harrison's claim unbelievable given all of the motions Harrison filed during the course of his case.

{¶ 9} Harrison next told the court that he hired Attorney David Doughten. Harrison stated that he had not paid Mr. Doughten but that he was in the process of getting his retainer fee. Harrison reported that Mr. Doughten would make an appearance as soon as he got the money and all court papers. Although Mr. Doughten never made an appearance during

Harrison's trial, he did represent Harrison on appeal because, according to Harrison, "that was the stage that [they were] at." Tr. 11. Further, Harrison stated that Mr. Doughten did not make an appearance at trial because he was not yet on the team. Harrison then stated that there was no way he wanted to go to trial with the public defender because he used to be a prosecutor, and still had friends in the prosecutor's office.

{¶ 10} At the conclusion of the hearing, the trial court determined that the reasons Harrison asserted for replacing counsel were insufficient. The trial court found that had Harrison hired an attorney, the attorney could have made an appearance. The trial court then denied Harrison's request for new counsel.

{¶ 11} Harrison appeals, raising the two assignments of error contained in the appendix to this opinion.

{¶ 12} In his first assignment of error, Harrison argues the trial court failed to provide a full and fair hearing on the remand from this court. This assignment of error lacks merit.

{¶ 13} In *State v. Deal* (1969), 17 Ohio St.2d 17, 244 N.E.2d 742, the Ohio Supreme Court stated the following at its syllabus: "Where, during the course of his trial for a serious crime, an indigent accused questions the effectiveness and adequacy of assigned counsel, by stating that such counsel

failed to file seasonably a notice of alibi or to subpoena witnesses in support thereof even though requested to do so by accused, it is the duty of the trial judge to inquire into the complaint and make such inquiry a part of the record. The trial judge may then require the trial to proceed with assigned counsel participating if the complaint is not substantiated or is unreasonable."

{¶ 14} In *State v. Prater* (1990), 71 Ohio App.3d 78, 83, 593 N.E.2d 44, the Tenth Appellate District found a judge's concerns about the timeliness of a motion for new counsel unpersuasive in ruling that the judge should have inquired about the defendant's complaint. The Ohio Supreme Court cited *Prater* with approval in *State v. Keith* (1997), 79 Ohio St.3d 514, 524, 684 N.E.2d 47. In *State v. Beranek* (Dec. 14, 2000), Cuyahoga App. No. 76260, this court noted that, "[i]n both *Deal* and *Prater*, the case was remanded to the judge for the limited purpose of inquiring into the defendant's allegations, with instructions to re-enter the judgment of conviction if the allegations were unfounded. *Deal*, 17 Ohio St.2d at 20, 244 N.E.2d at 743-44; *Prater*, 71 Ohio App.3d at 85-86, 593 N.E.2d at 48."

{¶ 15} This court explained the purpose of the limited remand: "[t]he purpose of the inquiry and investigation are to allow a defendant the opportunity to place his allegations on the record, and to show sufficient

investigation into their merit to allow appellate review. Thus the complaining defendant is allowed the opportunity to place allegations and evidence of at least some issues of ineffective assistance of counsel on the record for review on direct appeal, rather than having those issues postponed for postconviction relief petitions, because they rely on evidence outside the record." *Beranek*. This court noted that if the defendant's allegations are specific enough to justify further investigation, the court must investigate, but no further investigation is required for vague or general reasons for wanting to discharge counsel. *Beranek*. This court also stated, quoting *Prater*, that the investigation may be "'brief and minimal.'" *Beranek*.

{¶ 16} This court held that the judge on remand should attempt to determine those issues for which the defendant sought to discharge his attorney initially, and acknowledged that "in the aftermath of trial," a defendant "might assert numerous errors of his trial counsel," but cautioned that "it is unlikely that he would foresee each error prior to trial." *Beranek*.

{¶ 17} It was on the above authority that this court in *Harrison* remanded this case for a hearing. On remand, the trial court properly conducted a hearing and allowed Harrison to place on the record, his reasons for the request for new counsel. After reviewing the record and all evidence adduced at the hearing, we find that the trial court made sufficient inquiry

into the allegation to provide this court with meaningful review. We also agree with the trial court that Harrison's reasons supporting his request for new counsel were insufficient.

**{¶ 18}** Primarily, during the hearing, Harrison made general, broad statements about his dislike for the manner in which trial counsel conducted the investigation into his case. Harrison claimed that he had alibi witnesses and police reports that would provide a motive for R.A. and her mother to falsely accuse him. However, Harrison never provided the name of any alleged alibi witness or any police report showing that he evicted R.A. or her mother. Moreover, defense counsel provided a reasonable explanation for the lack of an alibi witness: given the length of time over which these allegations occurred and the number of residences at which they were to have occurred, defense counsel found it impossible to pinpoint any alibi witnesses. Lastly, this court rejected Harrison's suggestion that the victim made up the crimes. *Harrison*, supra.

**{¶ 19}** Next, Harrison claims the trial court erred when it failed to inquire into the attorney-client relationship during the hearing. Initially, we note that Harrison never alleged that a breakdown between himself and trial counsel ever occurred. Nonetheless, we find that the trial court was not required to do so. The purpose of the hearing was to allow Harrison to

state the reason why he wanted replacement counsel. If the reasons were vague and general, as the trial court found in this case, no further investigation was required. *Prater, Beranek.* Accordingly, the trial court did not have to determine whether a breakdown in the attorney-client relationship occurred.

{¶ 20} Harrison also claims that the trial court erred by allowing his trial counsel to represent him on the remand hearing and further erred when it failed to place himself and his trial counsel under oath. Again, however, Harrison misses the point of the limited remand in his case. A court is required to conduct an investigation only if it determines that a defendant's allegations are specific enough. *Prater, Beranek.* The remand hearing was an informal procedure designed to flush out meritorious claims for new counsel. Had Harrison presented such a claim, the trial court would have been bound to conduct a further investigation, which would have presumably involved the swearing in of witnesses and assigning of counsel.

{¶ 21} Based on the foregoing, we agree with the court's conclusion that Harrison's allegations for replacement counsel were insufficient.

{¶ 22} Harrison's first assignment of error is overruled.

{¶ 23} In his second assignment of error, Harrison argues that the trial court erred when it failed to appoint new counsel for the remand hearing.

We disagree.

{¶ 24} Primarily, we note that in making this argument, Harrison fails to cite to any authority requiring a trial court to appoint counsel on a remand hearing on a motion for replacement counsel. Moreover, similar case law and this court's decision in *Harrison* do not require new counsel to be appointed on remand.

{¶ 25} Nonetheless, Harrison argues that had new counsel been appointed, counsel would have argued that Harrison did not know he had an absolute right to testify and that trial counsel's failure to acquire a medical expert was an error. Additionally, Harrison claims that appointment of counsel would have permitted cross-examination of witnesses and the procurement of records that would have allowed the court to determine whether Harrison's charges were justified.

{¶ 26} Again, as stated above, on remand, the trial court was merely required to allow Harrison to state his reasons for wanting to discharge counsel. *Prater, Beranek, Harrison.* If Harrison's allegations were found to be vague and general, as in the instant case, no further investigation was warranted. Moreover, this Court specifically rejected Harrison's arguments concerning his right to testify and the lack of a medical expert. See, *Harrison*.

**{¶ 27}** Accordingly, Harrison's second assignment of error is overruled.

**{¶ 28}** The judgment of the trial court is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

JAMES J. SWEENEY, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR

## Appendix

**Assignments of Error:**

> **"I.   The trial court failed to provide the appellant a full and fair hearing on the remand from this court."**

**"II.    The trial court deprived the appellant his right to assistance of counsel by failing to appoint counsel for the remand procedure."**