[Cite as *State v. Harrison*, 2011-Ohio-5823.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95666**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LORENZO HARRISON

DEFENDANT-APPELLANT

**JUDGMENT:
APPLICATION DENIED**

Application for Reopening
Motion No. 446804
Cuyahoga County Court of Common Pleas
Lower Court Case No. CR-513945

**RELEASED AND JOURNALIZED:** November 7, 2011

**FOR APPELLANT**

Lorenzo W. Harrison, pro se
Inmate No. 563-687
Lebanon Correctional Institution
P.O. Box 56
Lebanon, Oho 45036


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Mary McGrath
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


LARRY A. JONES, J.:

Lorenzo Harrison has filed a timely application for reopening pursuant to App.R. 26(B). Harrison is attempting to reopen the appellate judgment that was rendered in *State v. Harrison*, Cuyahoga App. No. 95666, 2011-Ohio-3258, which affirmed the judgment of the trial court that denied his pro se request for new counsel. We decline to reopen the appellate judgment that was journalized on June 30, 2011.

Initially, we find that Harrison's attempt to employ App.R. 26(B), in order to reopen the appellate judgment as rendered in *State v. Harrison*, supra, is not permissible.

App.R. 26(B)(1) specifically provides that "[a] defendant in a criminal case may apply for **reopening of the appeal from the judgment of conviction and sentence**, based upon a claim of ineffective assistance of counsel." (Emphasis added.) Herein, Harrison is attempting to reopen an appeal that did not deal with his prior judgment of conviction and sentence. Harrison's appeal dealt with the trial court's denial of his pro se request for new trial counsel. Thus, App.R. 26(B) may not be employed to reopen the appellate judgment as previously rendered in *State v. Harrison*, supra. See *State v. Loomer*, 76 Ohio St.3d 398, 1996-Ohio-59, 667 N.E.2d 1209. See, also, *State v. Halliwell* (Dec. 30, 1996), Cuyahoga App. No. 70369, reopening disallowed (Jan. 28, 1999), Motion No. 300187; *State v. White* (Jan. 7, 2002), Cuyahoga App. No. 78190, reopening disallowed (May 13, 2004), Motion No. 357536; *State v. Shurney* (Mar. 10, 1994), Cuyahoga App. No. 64670, reopening disallowed (May 15, 1995), Motion No. 260758.

It must also be noted that Harrison's attempt to reopen his appeal must fail despite the inability to apply App.R. 26(B) to his prior appeal. In order to establish a claim of ineffective assistance of appellate counsel, Harrison must demonstrate that appellate counsel's performance was deficient and that, but for his deficient performance, the result of his appeal would have been different. *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456. Specifically, Harrison must establish that "there is a genuine issue as to whether he was deprived of the assistance of counsel on appeal." App.R. 26(B)(5).

"In *State v. Reed* [supra] we held that the two prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed.2d 674, is the appropriate

standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel was deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a 'reasonable probability' that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey*, 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, at 25.

It is also well settled that appellate counsel is not required to raise and argue assignments of error that are meritless. *Jones v. Barnes* (1983), 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987. Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal. *Jones*, supra; *State v. Grimm*, 73 Ohio St.3d 413, 1995-Ohio-24, 653 N.E.2d 253; *State v. Campbell*, 69 Ohio St.3d 38, 1994-Ohio-492, 630 N.E.2d 339.

In *Strickland*, supra, the United States Supreme Court also stated that a court's scrutiny of an attorney's work must be deferential. The court further stated that it is too tempting for a defendant-appellant to second-guess his attorney after conviction and appeal and that it would be all to easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Accordingly, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered

sound trial strategy." Id. at 689. Finally, the United States Supreme Court has established that appellate counsel possesses the discretion to decide which issues he or she believes are the most fruitful arguments and the importance of winnowing out weaker arguments on appeal and focusing on one central issue or at most a few key issues. *Jones*, supra.

In support of his claim of ineffective assistance of appellate counsel, Harrison raises a single proposed assignments of error:

"The trial court erred by finding that appellant's reasons for wanting to replace counsel were insufficient and by failing to fully inquire into appellant's concerns about the effectiveness of his trial counsel."

Harrison, through his proposed assignment of error, argues that he was prejudiced as a result of the trial court's failure to appoint new trial counsel.

This assignment of error, however, is barred from further review, since it was previously raised and addressed through two separate prior appeals. The doctrine of res judicata prevents further review. See, generally, *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph one of the syllabus. The Supreme Court of Ohio has also established that a claim of ineffective assistance of appellate counsel may be barred from further review, in an App.R. 26(B) application for reopening, by the doctrine of res judicata. *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.

In the case sub judice, the issue of whether the trial court erred by denying Harrison's request to appoint new trial counsel was originally addressed through the fourth

assignment of error as raised in *State v. Harrison*, Cuyahoga App. No. 93132, 2010-Ohio-2778. This court held that:

"In this case, the trial court summarily dismissed Harrison's request for replacement counsel without permitting him to explain his reasons for the request. The state argues that Harrison was very proactive during the proceedings (i.e. by filing pro se motions) and never expressed his displeasure with counsel throughout the four-day trial. But his court held in *Beranek* that a defendant should not be penalized for 'failing to press the issue before the judge when [the judge] made it clear that she would not consider [the defendant's complaints and did not inquire into their nature.'

"Accordingly, on the authority of *Beranek*, *Deal*, *Prater*, and *Keith*, supra, the fourth assignment of error is sustained, and the case is remanded to the trial court for the limited purpose of inquiring into Harrison's allegations, with instructions to re-enter the judgment of conviction if the allegations are unfounded." *Harrison*, supra, ¶41.

On August 20, 2010, the trial court conducted a hearing pursuant to this court's order of remand and provided Harrison with the opportunity to demonstrate the basis for his request for new trial counsel. At the conclusion of the hearing, the trial court determined that Harrison had failed to present sufficient reasons for the replacement of trial counsel and then denied his request for new counsel.

Harrison filed a second appeal and raised two assignments of error that challenged the trial court's denial of his request for new trial counsel. Harrison argued the following issues though his second appeal: (1) the trial court failed to provide a full and fair hearing

on remand and erred when it failed to appoint new counsel; (2) trial court failed to inquire into the attorney-client relationship during the hearing; (3) trial court erred by allowing his trial counsel to represent him in the remand hearing and further erred when it failed to place himself and his trial counsel under oath; and (4) trial counsel erred when it failed to appoint new counsel for the remand hearing.  This court, in *State v. Lorenzo*, Cuyahoga App. No. 95666, 2011-Ohio-3258, ¶16, held that:

"* * * the judge on remand should attempt to determine those issues for which the defendant sought to discharge his attorney initially, and acknowledged that 'in the aftermath of trial,' a defendant 'might assert numerous errors of his trial counsel,' but cautioned that 'it is unlikely that he would foresee each error prior to trial.'  *Beranek*.

"It was on the above authority that this court in [C.A. 93132] remanded this case for a hearing.  On remand, the trial court properly conducted a hearing and allowed Harrison to place on the record, his reasons for the request for new counsel.  After reviewing the record and all evidence adduced at the hearing, we find that the trial court made sufficient inquiry into the allegation to provide this court with meaningful review.  We also agree with the trial court that Harrison's reasons supporting his request for new counsel were insufficient.

"* * *.

"Again, as stated above, on remand, the trial court was merely required to allow Harrison to state his reasons for wanting to discharge counsel. * * *.  If Harrison's allegations were found to be vague and general, as in the instant case, no further

investigation was warranted. Moreover, this Court specifically rejected Harrison's arguments concerning his right to testify and the lack of a medical expert. See [C.A. 93132]."

Clearly, this court has previously determined that the trial court did not err by denying Harrison's request for new counsel and that Harrison was not prejudiced by the decision to refuse the appointment of new counsel. Res judicata bars any further litigation of the question of whether Harrison was prejudiced by the trial court's refusal to appoint new counsel. *State v. Segines*, Cuyahoga App. No. 89915, 2010-Ohio-5112, reopening disallowed, 2011-Ohio-1579, Motion No. 441247; *State v. Pratt*, Cuyahoga App. No. 93123, 2010-Ohio-1426, reopening disallowed, 2010-Ohio-4998, Motion No. 434932.

Thus, we are prevented from considering the proposed assignment of error and find that Harrison has failed to establish the claim of ineffective assistance of appellate counsel.

Accordingly, Harrison's application for reopening is denied.

_____
LARRY A. JONES,   JUDGE

MARY EILEEN KILBANE, A.J., and
SEAN C. GALLAGHER, J., CONCUR