[Cite as *State v. Harrison*, 2018-Ohio-1396.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 105909

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LORENZO HARRISON

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-08-513945-A

**BEFORE:** Stewart, J., E.A. Gallagher, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** April 12, 2018

**FOR APPELLANT**

Lorenzo Harrison, pro se
Inmate No. 563687
Chillicothe Correctional Institution
P.O. Box 5500
Chillicothe, OH 45601


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

Amy Venesile
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Lorenzo Harrison appeals from the summary denial of his petition for postconviction relief and his ancillary motions for expert assistance, appointment of counsel, and demand for discovery.

{¶2} In 2008, Harrison was found guilty of three counts of rape and three counts of kidnapping. He was sentenced to a prison term of life without parole. We affirmed his convictions on direct appeal, subject to a limited remand so that the trial court could inquire into a request Harrison made for a new trial based on his attempt to dismiss trial counsel and obtain new counsel. *State v. Harrison*, 8th Dist. Cuyahoga No. 93132, 2010-Ohio-2778, ¶ 46. On remand, the trial court found no merit to his claim for substitution of counsel. We affirmed that decision on further appeal. *See State v. Harrison*, 8th Dist. Cuyahoga No. 95666, 2011-Ohio-3258.

**{¶3}** Harrison then filed two unsuccessful motions to reopen his appeal: one from his direct conviction (*State v. Harrison*, 8th Dist. Cuyahoga No. 93132, 2011-Ohio-699, motion No. 437568), and one from his appeal following limited remand (*State v. Harrison*, 8th Dist. Cuyahoga No. 95666, 2011-Ohio-5823, motion No. 446804). In addition, Harrison unsuccessfully sought federal habeas review. *In re Harrison*, 6th Circ. No. 16-3213, 2016 U.S. App. LEXIS 23998 (Dec. 9, 2016), adopted from *Harrison v. Ohio Dept. of Rehab. & Corr.*, N.D.Ohio No. 1:12 CV 202, 2015 U.S. Dist. LEXIS 16048 (Feb. 10, 2015). The United States Court of Appeals for the Sixth Circuit denied a certificate of appealability from the habeas action. *Harrison v. Richard*, 6th Circ. No. 17-3246, 2017 U.S. App. LEXIS 23219 (Aug. 17, 2017).

**{¶4}** Between July 2015 and June 2016, Harrison filed the four motions at issue in this appeal. With respect to the petition to vacate or set aside the judgment of conviction or sentence, he offered two grounds: first, that the police and prosecutor engaged in intentional deception of the court and jury by withholding favorable evidence and offering false testimony; second, that he was denied the right to counsel and was not given effective assistance of counsel before trial.

{¶5} Harrison's petition to vacate his conviction had to conform to R.C. 2953.21. That section states that a petition for postconviction relief claiming a violation of a constitutional right must be filed no later than 180 days after the expiration of the time for filing the appeal. *See* R.C. 2953.21(A)(2). The time requirement for postconviction relief, pursuant to R.C. 2953.21(A), is jurisdictional. *State v. Williams*, 8th Dist. Cuyahoga No. 100639, 2014-Ohio-3589, ¶ 7.

{¶6} Harrison's petition for postconviction relief is facially untimely. Nevertheless, an exception to the time requirement exists if it can be demonstrated that (1) the petitioner was unavoidably prevented from discovering the facts relied on in the claim for relief or that the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right; and (2) there is clear and convincing evidence that, but for the constitutional error at trial, no reasonable trier of fact would have found the petitioner guilty of the offense. *See* R.C. 2953.23(A)(1). "The phrase 'unavoidably prevented' from discovery of facts warranting postconviction relief means that a defendant was unaware of those facts and was unable to learn of them through reasonable diligence." *State v. Short*, 8th Dist. Cuyahoga No. 82246, 2003-Ohio-3538, ¶ 9.

{¶7} Harrison gave no basis for the court to find that he had been unavoidably prevented from raising the first claim in a timely manner.  The first ground for relief claims that the police withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).  The allegedly exculpatory evidence was medical records in which the victim supposedly gave a different account of how many times she had been raped and when those rapes occurred.  Harrison maintains that these records were not turned over to the defense until just before the state concluded its case-in-chief, when the only remaining witness for the state was a police detective. Harrison claimed in his petition that the medical records "are favorable to my defense, showing no evidence of sexual conduct."

{¶8} Harrison admitted that the medical records were turned over in time for trial — "the medical records were withheld and not turned over to the defense until the last day of testimony after the witnesses, including the accuser, had already testified and left the courtroom. Thus, permitting the defense to question only the detective about the findings in the medical report." Petition to vacate or set aside judgment of conviction or sentence, at 3. Even though he complains that he did not personally see the medical records before trial, there is no question that the records were provided to the defense and were the basis of questioning at trial. Harrison was thus aware that the medical records existed at the time of trial, so he has failed to show that he was unavoidably prevented from raising the issue of the medical records at an earlier time. In fact, Harrison raised the issue of the medical records as part of a *Brady* claim in federal court. The Sixth Circuit rejected that claim, finding that Harrison "could have presented his *Brady* * * * claims in his 2011 habeas petition." *Harrison,* 2017 U.S. App. LEXIS 23219, at 6. That finding reinforces our conclusion that Harrison could have raised his *Brady* claims well before he brought them in his petition for postconviction relief.

{¶9} Harrison also claimed that the state withheld and suppressed records compiled by a social worker in the state of Michigan (the victim and her mother moved to Michigan after the victim made her accusations). He maintains that the state subpoenaed these records prior to trial, but did not disclose their existence. Harrison admits, by way of an affidavit from the assistant prosecuting attorney who tried the case, that the state did not receive the records because Michigan law barred their disclosure.

{¶10} Harrison argues that the records could not be turned over to the state by way of subpoena, but could have been produced by way of a signed release from the victim's mother. Regardless of whether this is true, the fact remains that the state did not receive these records, nor has Harrison asserted that he has seen the records. To establish a *Brady* violation, the defendant must show both the suppression of evidence and that the evidence is material to guilt. *Brady*, 373 U.S. at 87, 83 S.Ct. 1194, 10 L.Ed.2d 215. Without knowing what the social worker records contain, and without giving a plausible basis for believing that they might contain materially exculpatory evidence, Harrison cannot establish a *Brady* violation. *United States v. López-Díaz*, 794 F.3d 106, 116 (1st Cir.2015).

**{¶11}** The second claim for relief asserted that Harrison had been denied his right to counsel because he was forced to proceed to trial with an "unwanted public defender" whom he had fired. Not only was this claim extensively addressed on direct appeal, *see Harrison,* 8th Dist. Cuyahoga No. 93132, 2010-Ohio-2778, at ¶ 34-42, we remanded for "the limited purpose of inquiring into Harrison's allegations, with instructions to re-enter the judgment of conviction if the allegations are unfounded." *Id.* at ¶ 42. The trial court found no violation of Harrison's right to counsel. We affirmed, finding that "the trial court properly conducted a hearing and allowed Harrison to place on the record his reasons for the request for new counsel." *Harrison,* 8th Dist. Cuyahoga No. 95666, 2011-Ohio-3258, at ¶ 17. We went on to conclude that "the trial court made sufficient inquiry into the allegation to provide this court with meaningful review" and that the trial court did not err by finding that "Harrison's reasons supporting his request for new counsel were insufficient." *Id.* With this claim having been raised and addressed on direct appeal from remand, it is res judicata. *State v. Perry*, 10 Ohio St.2d 175, 177, 226 N.E.2d 104 (1967) ("a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment"). Res judicata similarly bars Harrison's assertions that trial counsel failed to preserve his speedy trial rights. *State v. Grimes*, 2d Dist. Montgomery No. 26636, 2017-Ohio-25, ¶ 11.

**{¶12}** Harrison next argues that trial counsel failed to investigate the facts of the case by interviewing witnesses, failed to obtain transcripts of 911 calls, failed to obtain full discovery of evidence, failed to research applicable law, and failed to advise Harrison of his sentencing exposure.

**{¶13}** With respect to his claim that trial counsel failed to interview witnesses, Harrison offered affidavits from family members who resided in the house where the rapes occurred. The affiants made identical assertions that no one "with the responsibility and duty to investigate the facts of the allegations" had contacted them about the allegations made against Harrison.

**{¶14}** The court would have correctly concluded that Harrison failed to show why he was unavoidably prevented from obtaining this evidence. The affiants state that they lived with Harrison at the time of the offense, so these people were plainly known to him. The affidavits are all dated June 2014, yet Harrison did not file his petition for postconviction relief until June 2016. He could have raised these claims as a basis for postconviction relief far sooner.

**{¶15}** In fact, Harrison raised this same issue of ineffective assistance of counsel in the hearing on his motion to remove counsel that was conducted on remand from his direct appeal. On appeal from that hearing, we noted that one basis for removal of trial counsel was that Harrison claimed that he had alibi witnesses. We noted in 2011 that

> defense counsel provided a reasonable explanation for the lack of an alibi witness: given the length of time over which these allegations occurred and the number of residences at which they were to have occurred, defense counsel found it impossible to pinpoint any alibi witnesses.

*Harrison*, 8th Dist. Cuyahoga No. 95666, 2011-Ohio-3258, at ¶ 18. These same facts caused a federal magistrate judge to deny habeas relief on a claim of ineffective assistance of counsel, finding that "counsel's failure to attempt to locate an alibi witness cannot be said to be objectively unreasonable under the circumstances of Harrison's case given the time-frame and the lack of specific dates of the allegations." *Harrison v. Ohio Dept. of Rehab. & Correction*, N.D.Ohio No. 1:12CV202, 2014 U.S. Dist. LEXIS 181869, 38 (Oct. 30, 2014), adopted by *Harrison*, N.D.Ohio No. 1:12 CV 202, 2015 U.S. Dist. LEXIS 16048, at 10. So not only were these claims untimely, but having been decided by other courts, they are res judicata. *See State v. Apanovitch*, 107 Ohio App.3d 82, 88, 667 N.E.2d 1041 (8th Dist.1995) (claims raised in postconviction proceedings that were previously litigated in federal court were res judicata).

{¶16} With respect to the court's refusal to grant Harrison's motion for appointment of counsel, expert assistance, and discovery, the law is clear that these requests are not available in postconviction proceedings. *See State v. Mack*, 8th Dist. Cuyahoga No. 101261, 2018-Ohio-301, ¶ 27 ("The right to counsel in civil, collateral attacks on valid criminal judgments is not constitutionally required."); *State v. Simpson*, 2016-Ohio-1266, 61 N.E.3d 905, ¶ 16 (2d Dist.) ("no right, statutory or constitutional, to the appointment of experts to assist in [ ] post-conviction relief petition"); *State ex rel. Love v. Cuyahoga Cty. Prosecutor's Office*, 87 Ohio St.3d 158, 159, 1999-Ohio-314, 718 N.E.2d 426 ("no requirement of civil discovery in postconviction proceedings").

**{¶17}** We likewise reject Harrison's complaint that the court erred by denying him a hearing on his petition for postconviction relief.

**{¶18}** R.C. 2953.21(F) states that "[u]nless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending." The word "hearing," however, does not mean an "evidentiary" hearing. *State v. Jones*, 8th Dist. Cuyahoga No. 105405, 2017-Ohio-7326, ¶ 5.

> Where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief, the court may dismiss a petition for postconviction relief without a hearing.

*State v. Hostacky*, 8th Dist. Cuyahoga No. 103014, 2016-Ohio-397, ¶ 4, citing *State v. Calhoun*, 86 Ohio St.3d 279, 1999-Ohio-102, 714 N.E.2d 905, paragraph two of the syllabus, and *State v. Moon*, 8th Dist. Cuyahoga No. 101972, 2015-Ohio-1550, ¶ 22.

**{¶19}** Harrison's petition for postconviction relief was not only facially untimely, it failed to set forth any basis to explain why he had been unavoidably prevented from filing his petition at an earlier time. The court did not err by refusing to conduct an evidentiary hearing on the petition.

**{¶20}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

EILEEN A. GALLAGHER, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR