SADLER, J., dissenting.
 

 {¶ 27} Because at no time during the course of trial did appellant request new counsel or otherwise express dissatisfaction with counsel's representation, I would find that appellant waived the issue of whether the trial court had a duty to inquire under
 
 State v. Deal
 
 ,
 
 17 Ohio St.2d 17
 
 ,
 
 244 N.E.2d 742
 
 (1969). Because the
 majority holds otherwise, I respectfully dissent.
 

 {¶ 28} As stated in
 
 Deal
 
 , the duty of the trial court to inquire into trial counsel's representation of a defendant applies where an indigent defendant questions the effectiveness and adequacy of counsel "
 
 during the course of his trial
 
 ." (Emphasis added.)
 

 Id.
 

 at syllabus. This court has repeatedly found that a trial court does not violate a duty to inquire under
 
 Deal
 
 where a defendant who had previously expressed discontentment with his trial counsel does not raise the issue during the course of his trial.
 

 {¶ 29} In
 
 State v. Scudder
 
 , 10th Dist. No. 91AP-506,
 
 1992 WL 302432
 
 (Oct. 20, 1992), we rejected the defendant's claim that his letter to the trial court one month prior to trial expressing dissatisfaction with his trial counsel implicated the trial court's duty to inquire under
 
 Deal
 
 . We distinguished
 
 Deal
 
 based on the defendant's failure to raise his allegations of incompetency of counsel at trial, noting "[i]t was incumbent upon defendant to do more to preserve his pretrial complaints for our review" and that, because his outward conduct at trial was inconsistent with his letter, "it would appear that he had later acquiesced in his defense counsel's handling of the matter at the time of trial."
 

 Id.
 

 We found it reasonable for the trial court to assume that "problems were resolved since no mention was made of them at trial."
 

 Id.
 

 {¶ 30} Likewise in
 
 State v. Davis
 
 , 10th Dist. No. 97APA08-1021,
 
 1998 WL 255570
 
 (May 19, 1998), we found that the holding in
 
 Scudder
 
 applied in a case where the defendant sent a letter to the trial court one month prior to trial that we interpreted as a request for new counsel. While the facts of
 
 Davis
 
 included a pretrial meeting whereby trial counsel expressed an improved relationship with the defendant, our holding in
 
 Davis
 
 was specifically based on the defendant's failure "to preserve his objections by failing to timely raise his concerns with the trial court during the trial"-regardless of whether the trial court personally addressed the defendant at trial regarding this topic or not.
 

 Id.
 

 {¶ 31} Consistent with
 
 Scudder
 
 and
 
 Davis
 
 , in
 
 State v. Grisson
 
 , 10th Dist. No. 08AP-952,
 
 2009-Ohio-5709
 
 ,
 
 2009 WL 3495054
 
 , ¶ 20-21,
 
 appeal not allowed
 
 ,
 
 124 Ohio St.3d 1493
 
 ,
 
 2010-Ohio-670
 
 ,
 
 922 N.E.2d 228
 
 , we found that comments made to the trial court prior to trial regarding the defendant's frustrations with the progress of the case did not trigger a
 
 Deal
 
 inquiry where immediately prior to trial the defendant did not make any complaints regarding his representation.
 
 See also
 

 In re W.W.E.
 
 , 10th Dist.,
 
 2016-Ohio-4552
 
 ,
 
 67 N.E.3d 159
 
 , ¶ 44 (citing
 
 Davis
 
 and
 
 Deal
 
 in finding that the trial court did not err in failing to inquire of the appellant whether he wished for different counsel in a permanent custody hearing where the appellant did not request new counsel at the hearing).
 

 {¶ 32} In this case, the majority sees "no reason to find waiver because [appellant] failed to interrupt, contradict, and argue with the trial court's ruling once made." (Majority Opinion at ¶ 19.) In my view,
 
 Deal
 
 and precedent of this court support the opposite view and stand for the proposition that a defendant waives the issue of trial court inquiry under
 
 Deal
 
 by not expressing, at trial, dissatisfaction with his counsel. Accordingly, because during the course of his trial, appellant did not request new counsel, otherwise object to the issue, or make any overture about the efficacy or adequacy of counsel's representation, I would not find that the trial court erred in failing to inquire about appellant's representation under
 
 Deal
 
 and would rather find that appellant waived the issue.
 

 {¶ 33} Furthermore, because appellant failed to object at trial, I would find that on this record, he failed to demonstrate the trial court's lack of inquiry into his trial counsel representation affected the outcome of the trial under plain error review.
 
 State v. Lang
 
 ,
 
 129 Ohio St.3d 512
 
 ,
 
 2011-Ohio-4215
 
 ,
 
 954 N.E.2d 596
 
 , ¶ 108, quoting
 
 State v. Barnes
 
 ,
 
 94 Ohio St.3d 21
 
 , 27,
 
 759 N.E.2d 1240
 
 (2002), and
 
 State v. Long
 
 ,
 
 53 Ohio St.2d 91
 
 ,
 
 372 N.E.2d 804
 
 (1978), paragraph two of the syllabus ("An alleged error is plain error only if the error is 'obvious,' and 'but for the error, the outcome of the trial clearly would have been otherwise.' ").
 
 [3]
 

 {¶ 34} For the foregoing reasons, I would overrule appellant's second assignment of error and proceed to address the third assignment of error.
 
 [4]
 
 Because the majority does not, I respectfully dissent.
 

 I find particularly noteworthy that, in this case, defense counsel's representation contributed to appellant being found not guilty of rape of a minor less than 13 years of age and two of the gross sexual imposition charges-three of the five of the charges brought against him.
 

 At oral argument, appellant's counsel withdrew appellant's first assignment of error.